1

1          IN THE UNITED STATES DISTRICT COURT

2             FOR THE DISTRICT OF COLORADO

3     Case No. 13-cr-00392-CMA

4     ─────────────────────────────────────────────

5     UNITED STATES OF AMERICA,

6          Plaintiff,

7     vs.

8     GEORGE THOMAS BROKAW, et al.,

9          Defendants.

10    ─────────────────────────────────────────────

11          Proceedings before MICHAEL J. WATANABE, United

12    States Magistrate Judge, United States District Court for

13    the District of Colorado, commencing at 10:24 a.m., October

14    7, 2013, in the United States Courthouse, Denver, Colorado.

15    ─────────────────────────────────────────────

16          WHEREUPON, THE ELECTRONICALLY RECORDED PROCEEDINGS

17    ARE HEREIN TYPOGRAPHICALLY TRANSCRIBED...

18    ─────────────────────────────────────────────

19                  APPEARANCES

20          MATTHEW KIRSCH and MARTHA PALUCH, Assistant United

21    States Attorneys, appearing for the government.

22          ERIC KLEIN, Attorney at Law, appearing for George

23    T. Brokaw.

24    ─────────────────────────────────────────────

25          ARRAIGNMENT/DISCOVERY/DETENTION HEARING


AVERY/WOODS REPORTING SERVICE, INC.
455 SHERMAN STREET, SUITE 250, DENVER, CO  80203
303-825-6119     FAX 303-893-8305

1                    APPEARANCES (continued)

2            RICHARD STUCKEY, Attorney at Law, appearing for

3    John J. Pawleski.

4            JOHN TATUM, Attorney at Law, appearing for Mimi M.

5    Vigil.

6            MILLER LEONARD, Attorney at Law, appearing for

7    Clara M. Mueller.

8                    P R O C E E D I N G S

9            (Whereupon, the within electronically recorded

10   proceedings are herein transcribed, pursuant to order of

11   counsel.)

12           THE CLERK: All right.   The Court calls the

13   following case, 2013-cr-00392-CMA, United States of America

14   versus Thomas -- I'm sorry, George Thomas Brokaw, John J.

15   Pawleski, Mimi M. Vigil, and Clara M. Mueller.

16           And counsel, first on behalf of the government, if

17   you'd enter your appearance, please.

18           MR. KIRSCH: Yes, Your Honor.   Matthew Kirsch and

19   Martha Paluch appearing for the United States.

20           THE COURT: Thank you.

21           And then counsel on behalf of Defendant Brokaw.

22           MR. KLEIN: Good morning, Your Honor.   Eric Klein

23   on behalf of Mr. Brokaw.

24           THE COURT: Counsel on behalf of Defendant

25   Pawelski.

1          MR. STUCKEY: Good morning, Your Honor, Richard

2     Stuckey.  The defendant is seated in the front row there

3     with the microphone.

4          THE COURT: Thank you.

5          Counsel on behalf of Defendant Vigil.

6          MR. TATUM: Good morning, Your Honor.  John Tatum

7     appointed on behalf of Ms. Vigil who's present to my right.

8          THE COURT: And counsel on behalf of Defendant

9     Mueller.

10          MR. LEONARD: Good morning, Your Honor.  Miller

11     Leonard on behalf of Ms. Mueller who appears in person.

12          THE COURT: All right.

13          The defendants may be seated there, please, and

14     then I'll have counsel just stand.  As to each defendant

15     before the Court, they're before the Court for discovery and

16     detention and arraignment.

17          Now, I want to clarify one matter.  It appears

18     that Judge Hegarty allowed bond as to all four defendants

19     now.

20          MR. KIRSCH: Your Honor, I believe that there were

21     bonds that were issued for Ms. Vigil and Ms. Mueller, not

22     for Mr. Brokaw or for Mr. Pawelski.  We are prepared -- the

23     government is prepared to agree that the conditions for bond

24     proposed by the Pretrial Services Office for Mr. Brokaw and

25     Mr. Pawelski are appropriate.  We're going to ask the Court

4

1    to release them on those conditions this morning.  It's my

2    understanding that Mr. Brokaw may want to challenge at least

3    one of those conditions, so we'll be prepared to address

4    that at the appropriate time.

5          THE COURT: All right.  I'll take up the two

6    defendants on bond first, so we'll address first Ms. Vigil.

7    And, Mr. Tatum, on behalf of Ms. Vigil, have you received a

8    copy of the Indictment in this matter?

9          MR. TATUM: We have, Your Honor.

10         THE COURT: Does your client wish formal reading or

11    further advisement of rights on the Indictment?

12         MR. TATUM: She does not, Your Honor.

13         THE COURT: And what is her pleas to those counts

14    in which she's charged within the Indictment?

15         MR. TATUM: Your Honor, notwithstanding the fact

16    that she has read the Indictment and that I have had about

17    half an hour this morning to go over it with her, she does

18    not feel that she is adequately advised in order to be able

19    to enter a plea this morning, so she would decline

20    respectfully to enter a plea this morning.  I would candidly

21    advise the Court that I do not believe that a continuance of

22    a few hours or a couple of days would remedy the

23    circumstance, so the Court may feel inclined to enter a plea

24    on her behalf, and I've been instructed to object to that

25    procedure.

1              THE COURT: We'll pass her matter, and I'll advise

2      her on the Indictment in just a moment --

3              MR. TATUM: Yes, sir.

4              THE COURT: -- so we can move forward.

5              Mr. Mueller, we'll take up -- I'm sorry, Ms.

6      Mueller's matter, Mr. Leonard.  Did you receive a copy of

7      the Indictment on behalf of Ms. Mueller?

8              MR. LEONARD: I did, Your Honor.

9              THE COURT: Does your client wish formal reading or

10     further advisement of rights on the Indictment?

11             MR. LEONARD: We do, Your Honor.

12             THE COURT: You do what?

13             MR. LEONARD: We do.

14             THE COURT: All right.  We'll pass you as well.

15             Mr. Pawelski, we'll take up his matter.

16             All right.  Mr. Stuckey, have you received a copy

17     of the Indictment in this case on behalf of Mr. Pawelski?

18             MR. STUCKEY: I have and he has, Your Honor.

19             THE COURT: Does he wish formal reading or further

20     advisement of rights on the Indictment?

21             MR. STUCKEY: We waive any further advisement or

22     formal reading of the Indictment and would enter a plea of

23     not guilty to the counts in which he's charged, those are

24     Count 1, 8, 9, 10 and 11, 14 and 16.  A plea of not guilty.

25             THE COURT: The Court will accept the waiver of any

6

1    further reading or formal advisement of rights on behalf of

2    Mr. Pawelski as to those counts in which he's charged in the

3    Indictment, not guilty pleas will be entered on his behalf

4    as to all counts in which he's charged within the

5    Indictment.

6           We'll take up his discovery order at this point.

7    Give me a moment to review it.

8           (Pause in the proceedings.)

9           THE COURT: All right.  The Court's reviewed the

10   discovery order in Mr. Pawelski's matter, I have added the

11   following information to it:  First, the speedy trial dates

12   under paragraph Roman Numeral IV on page eight, those are as

13   follows: The 30-day minimum speedy trial date for Mr.

14   Pawelski is November 4, 2013; the 70-day speedy trial date

15   is December 11, 2013; the 90-day is not -- no longer at

16   issue since the government's not seeking detention, is

17   recommending bond.  The defendant shall provide reciprocal

18   discovery to the government by November 4, 2013.  The

19   government shall provide discovery to the defendant by

20   October 28, 2013.

21          With those additions to the discovery order, the

22   Court at this time will approve the discovery order as

23   amended this morning on the record, it is made an order of

24   the Court, and a copy of the discovery order will be

25   provided to the government and to counsel, Mr. Stuckey, on

1     behalf of the defendant.

2              We'll take up Mr. Pawelski's bond issue at this

3     point.

4              MR. STUCKEY: Thank you, Your Honor.

5              THE  COURT:  Mr.  Kirsch,  it's  the  Court's

6     understanding that you are asking the Court to follow the

7     recommendations for bond by pretrial release as outlined in

8     the report?

9              MR. KIRSCH: That's correct, Your Honor.

10             THE COURT: All right.

11             Mr. Stuckey, any objection?

12             MR. STUCKEY: None whatsoever.  Thank you.

13             THE COURT: All right.  The Court at this time will

14    find that Pretrial is recommending bond in this case in the

15    amount of an $2500 unsecured bond.

16             MR. STUCKEY: Hundred?

17             THE COURT: Pardon me?

18             MR. STUCKEY: 2500, I believe.

19             THE COURT: 2500 unsecured bond in this particular

20    matter.  Is that right --

21             MR. STUCKY: I thought it was 25 --

22             THE COURT: -- or 25,000?  Thousand?

23             UNIDENTIFIED SPEAKER: (Inaudible).

24             THE COURT: Okay, that's mistyped in here.  I'll

25    correct that.

1          MR. STUCKEY: We didn't want to raise it, but since

2     it's unsecured, that's fine.

3          THE COURT: It will be a $25,000 unsecured bond

4     with those conditions as recommended by Pretrial, which I

5     will adopt in whole, and, Mr. Stuckey, I'll have your client

6     execute his bond in just a moment here.

7          MR. STUCKEY: Thank you, sir.

8          (Pause in the proceedings.)

9          MR. STUCKEY: This doesn't require counsel's

10     signature, does it?

11          THE COURT: No.  If you want to take a moment to

12     have your client execute his bond, please.

13          (Pause in the proceedings.)

14          THE COURT: Marshal, if you'd put the microphone in

15     front of Mr. Pawelski, please.  Thank you.

16          All right.  Mr. Pawelski, have you now signed your

17     appearance bond and your conditions of your release, sir?

18          DEFENDANT PAWELSKI: I have.

19          THE COURT: And do you understand each of those

20     conditions on your bond, sir?

21          DEFENDANT PAWELSKI: I do.

22          THE COURT: And do you understand if you fail to

23     appear for any future court appearances or if you fail to

24     comply with any of your bond conditions the Court would

25     revoke your bond, I would issue a bench warrant for your

1     arrest, you could be responsible at that point to pay the

2     government $25,000, and additional criminal charges could be

3     brought against you for violation of your bond as outlined

4     on the last page of your conditions of your release where

5     your signature appears.  Do you understand that?

6             DEFENDANT PAWELSKI: I do comprehend that.

7             THE COURT: Okay.  Do you have any question as to

8     what will happen if you fail to appear for any future court

9     appearances or if you fail to comply with any of your bond

10    conditions?

11           DEFENDANT PAWELSKI: No, I don't.

12           THE COURT: The Court will find at this time that

13    Mr. Pawelski has signed his appearance bond and his

14    conditions of his release, he understands fully that if he

15    fails to appear for any future court appearances or if he

16    fails to comply with any of his bond conditions the Court

17    will revoke his bond, I would issue a bench warrant for his

18    arrest, additional criminal charges could be brought against

19    him for violation of his bond, and he could be responsible

20    at that point to pay the government $25,000.  The Court at

21    this point will allow Mr. Pawelski be released on his

22    $25,000 unsecured bond with those conditions of release in

23    writing.

24           And upon your release, sir, you will be required

25    to report to Pretrial Services within 24 hours of your

1    release.  Do you understand that, sir?

2         DEFENDANT PAWELSKI: I do.

3         THE COURT: Okay.

4         I will order counsel for both the government in

5    this case for trial setting, however, we do need to take up

6    the other three co-defendants.

7         All right.  The defendant's remanded to the

8    custody of the U.S. Marshal to be released on his bond and

9    then to report to Pretrial Services within 24 hours of his

10   release.

11        MR. STUCKEY: On behalf of the defendant, Your

12   Honor, we thank the government and we thank the Court.

13        THE COURT: Thank you.

14        All right.  We'll take up Defendant George Thomas

15   Brokaw at this point, and counsel on behalf of defendant, if

16   you'd reenter your appearance, please.

17        MR. KLEIN: Good morning again, Your Honor.  Eric

18   Klein on behalf of Mr. Brokaw.

19        THE COURT: Okay.  And if you would hand a

20   microphone to Mr. Brokaw, please.

21        Okay.  Mr. Brokaw, you have the microphone in

22   front of you?

23        DEFENDANT BROKAW: I do.

24        THE COURT: All right.  Mr. Brokaw, you're charged

25   in Count 1 in the Indictment with conspiracy to file false

1    claims for refund in violation of 18 United States Code,

2    Section 286.   The possible penalties you face for that

3    charge is not more than ten years of imprisonment, not more

4    than a $250,000 fine, or both fine and imprisonment within

5    those maximum limits, not more than three years of

6    supervised release, and a $100 special assessment fee.

7         Now, you're also charged in separate counts,

8    Counts 2 through 7, inclusive, with separate counts of false

9    claim for refund under Form 1099-OID in violation of 18

10   United States Code, Section 287.  The possible penalties you

11   face per count for Counts 2 through 7, inclusive, is not

12   more than five years of imprisonment, not more than a

13   $250,000 fine, or both fine and imprisonment within those

14   limits, not more than three years of supervised release, and

15   a $100 special assessment fee.

16        You are also charged, sir, in Count No. 14 in the

17   Indictment.   Count 14 in the Indictment charges you with

18   conspiracy to corruptly endeavor to obstruct or impede the

19   due administration of Internal Revenue laws in violation of

20   18 United States Code, Section 371.  The possible penalties

21   you face for Count 14 is not more than five years of

22   imprisonment, not more than a $250,000 fine, or both fine

23   and imprisonment within those limits, not more than three

24   years of supervised release, and a $100 special assessment

25   fee.

1          And you're also charged in Count No. 15 in the

2    Indictment which charges you with corrupt endeavor to

3    obstruct or impede the due administration of Internal

4    Revenue laws and aiding and abetting the same in violation

5    of 26 United States Code, Section 7212(a), and 18 United

6    States Code, Section 2.  The possible penalties you face for

7    Count No. 15 is not more than three years of imprisonment,

8    not more than a $250,000 fine, or both fine or imprisonment

9    within those limits, not more than one year of supervised

10   release, and a $100 special assessment fee.

11         Now, sir, do you understand the charges brought

12   against you in Counts 1, 2 through 7, inclusive, 14 and 15?

13         DEFENDANT BROKAW: Your Honor, I have read the

14   Indictment and I don't understand why that was -- had to be

15   read back to me.

16         THE COURT: Okay.

17         DEFENDANT BROKAW: At this point I've read it all.

18         THE COURT: Do you have the Indictment in front of

19   you?

20         DEFENDANT BROKAW: I do.

21         THE COURT: Okay.

22         MR. KLEIN: Your Honor, Mr. Brokaw was not one of

23   the defendants requesting formal reading, I apologize for

24   not stopping the Court previously.

25         THE COURT: Well, you said you did earlier, I

1     think.

2              MR. KLEIN: No, Your Honor.

3              THE COURT: Is your client waiving any further

4     reading or formal advisement on the Indictment?

5              MR. KLEIN: Without waiving any jurisdictional

6     objections, we do waive further reading --

7              THE COURT: Okay.

8              MR. KLEIN: -- and we'll enter pleas of not guilty

9     to all counts, Your Honor.

10             THE COURT: Is your client waiving further

11    advisement of rights?

12             MR. KLEIN: Yes, Your Honor.

13             THE COURT: And what is his pleas to those counts

14    in which he's charged in the Indictment?

15             MR. KLEIN: Mr. Brokaw pleads not guilty to all

16    counts, asserts his Fifth and Sixth Amendment rights in this

17    and any future proceedings, and his right to a speedy jury

18    trial and all other constitutional rights.

19             THE COURT: The Court will accept the waiver of any

20    further reading or formal advisement of rights on behalf of

21    Mr. Brokaw as to those counts in which he's charged in the

22    Indictment, a not guilty plea will be entered on his behalf

23    as to all counts brought against him in the Indictment.

24             We'll take up the issue of bond before I address

25    the discovery order.  It's my understanding the government

14

1    is no longer seeking detention in this matter and is asking

2    the Court to follow the recommendation of Pretrial Services

3    for a $50,000 unsecured bond with those conditions as

4    recommended by Pretrial.

5            MR. KIRSCH: That's correct, Your Honor.

6            THE COURT: Any objection by the defendant?

7            MR. KLEIN: Yes, Your Honor, we'd submit that the

8    conditions imposed, specifically home detention and GPS

9    monitoring, are not the least restrictive conditions that

10   will assure Mr. Brokaw's appearance in court and the safety

11   of the community, any other member, and I can address the

12   3142(g) factors, if the Court wishes, at this time.

13           THE COURT: You may.

14           MR. KLEIN: Your Honor, Mr. Brokaw is a 67-year-old

15   man with no record, he has a single traffic infraction from

16   several years ago.  He has significant community ties.  His

17   wife of 47 -- almost 47 years is in the courtroom today.  He

18   has three children, eight grandchildren, all of whom live in

19   either Colorado Springs or the immediate area.  He is a

20   college graduate with a post-graduate Chartered Life

21   Underwriter certification, I believe it is.  He and his wife

22   volunteer weekly at a mission for homeless and needy in

23   their community, as well as at church.  He was employed by

24   Prudential Insurance for 23 years, most recently as a sales

25   manager, and he's currently self-employed as a licensed

15

1    independent insurance sales with clients all over the state.

2       There's no allegation of violence in this case,

3    there's no indication that he's a danger to anyone, and I

4    submit that there's no flight risk.  He's been constantly in

5    communication with the government over the last several

6    years to petition for his redresses and exercise his First

7    Amendment rights.  It's my understanding that he was

8    arrested in this case when he walked into the FBI.  I'd

9    submit there are no concerns regarding flight, he does not

10   even have a passport, and that there are less restrictive

11   conditions that the Court can set.  I believe the two co-

12   defendants were released last week on unsecured bonds with

13   minimal conditions, and we'd ask for the same.

14      THE COURT: The government's rebuttal argument, if

15   any.

16      MR. KIRSCH: Your Honor, we do have significant

17   concerns about Mr. Brokaw being a risk of flight.  Those

18   concerns stem from Mr. Brokaw's often professed beliefs that

19   the United States government is not legitimate and does not

20   have authority over him, and particularly that United States

21   District Courts are not legitimate and don't have any

22   authority over him.  I have some exhibits that I would like

23   to offer to the Court to help illustrate those.  I've

24   already provided copies of these to the counsel.

25      THE COURT: You may.

1           MR. KIRSCH: If I may approach?

2           THE COURT: Yes.  Thank you.

3           MR. KIRSCH: What I've marked as Government Exhibit

4    2, Your Honor, is a copy of a letter signed by Mr. Brokaw,

5    as well as a number of other people, including the co-

6    defendants in this matter.  That was the letter that was

7    delivered to then Governor Bill Ritter, and it was a letter

8    which suggested to Mr. Ritter that he was not legitimately

9    holding authority and that he needed to step down from his

10   position.  At the bottom of page two of that letter there is

11   a reference to the USDC, which we believe stands for United

12   States District Court, which says: In the coming weeks

13   territorial perversions like USDC will be resorbed into

14   their de jure counterparts such as District Court of the

15   United States.  This letter also suggests that Governor

16   Ritter would have been committing crimes by continuing to

17   remain in office without signing the oath that was requested

18   by Mr. Brokaw and others in this exhibit.

19           What I've marked as Government Exhibit 3 is a

20   document that Mr. Brokaw signed and delivered to various

21   people, including the United States District Court for the

22   District of Colorado.  This makes reference on the first

23   page to the search warrant orders which were signed in

24   connection with this investigation, including one for Mr.

25   Brokaw's own house.  Throughout this document, again, it

1    suggests that Mr. Brokaw's not subject to the jurisdiction
2    of the court, that various orders entered by the court,
3    including the search warrant, were illegitimate and in fact
4    may have constituted criminal activity, the very issuance of
5    the warrant may have constituted criminal activity.  The
6    government believes that a person who has repeatedly
7    professed those beliefs is very likely to not respect an
8    order from the Court to stay here.

9        I have some other specific information that
10   relates to Mr. Brokaw that I think also supports that
11   conclusion.  At the time that Mr. Brokaw was arrested in
12   this matter, he indicated that he wasn't consenting to any
13   of the actions being taken by the arresting agents or the
14   United States Marshals.  He specifically said that the
15   arresting agents didn't have any authority over him.

16       Mr. Brokaw was also associating with another
17   person who was prosecuted by the U.S. Attorney's Office here
18   for filing a false lien against an IRS official's house.
19   After that person was convicted at trial -- his name is
20   Ronald Hoodenpyle.  After Mr. Hoodenpyle was convicted at
21   trial, he failed to surrender to serve the sentence that had
22   been imposed on him.  Mr. Hoodenpyle was eventually
23   discovered while he was a fugitive at a cabin outside of
24   Grand Lake, Colorado.  Mr. Brokaw was at that cabin at the
25   same time that Mr. Hoodenpyle was.  Mr. Hoodenpyle, while he

1    was at that cabin, was clearly making plans to flee.  He had

2    with him a fake picture ID in another person's name, a

3    variety of handgun ammunition, and a copy of a book called

4    How to Change Your Identity.    When Mr. Brokaw was

5    interviewed after about him being there with Mr. Hoodenpyle,

6    Mr. Brokaw claimed that he had no knowledge that Mr.

7    Hoodenpyle was a fugitive.

8         During that same interview, Mr. Brokaw also made

9    reference to his participation in this group called the

10   Republic of the united States of America, which is a group

11   that purports to have set up its own alternative government.

12   According to information that was obtained, both at the

13   search warrant in Mr. Brokaw's house and during this

14   interview, Mr. Brokaw serves as a representative in that

15   government and also serves as the foreman of their purported

16   grand jury.  When Mr. Brokaw was interviewed after Mr.

17   Hoodenpyle's arrest, Mr. Brokaw indicated that the plans for

18   that grand jury -- he was asked who that grand jury would

19   indict, and Mr. Brokaw offered that they would probably

20   start by indicting sitting judges who did not have an oath

21   of office on record.  It's not exactly clear what that

22   means.

23        The other particular activity that concerns the

24   government that Mr. Brokaw's engaged in the past is he's

25   filed or attempted to file a number of liens, either in the

1    Colorado Secretary of State's Office -- or, actually,

2    against the real property of various IRS and Social Security

3    Administration officials who've attempted to collect debts

4    from him.

5          All of those actions, to the government,

6    demonstrate that there is a significant risk that Mr. Brokaw

7    is not going to respect the authority of the Court, that's

8    why we've asked for the condition of home detention, and

9    that's why we've asked for the electronic monitoring as well

10   so that if he acts on his -- these beliefs that he's

11   professed multiple times in the past, that we will, in fact,

12   be able to find him and secure his appearance at the next

13   court proceedings.

14         THE COURT: All right.  Give me just a moment to

15   review Government's Exhibits 2 and 3.

16         (Pause in the proceedings.)

17         THE COURT: All right.  Thank you.

18         All right.  This matter is before the Court now

19   for detention hearing.  The government is no longer seeking

20   detention, is asking the Court to follow the recommendations

21   of Pretrial Services, which includes the active GPS

22   monitoring home detention requirement on bond.  The

23   defendant, Mr. Brokaw, is objecting to that condition of

24   bond in this particular case.  After reviewing the court

25   file, taken judicial notice of the Pretrial Services Report,

 1     also reviewing Exhibits 2 and 3 by the government, arguments

 2     presented by both the government and defendant, I do find

 3     there are conditions of release that will assure the

 4     defendant's presence as well as the safety of the community.

 5     He will be released on a $50,000 unsecured bond with all

 6     conditions as recommended by Pretrial, including the active

 7     GPS tracking and home detention.  I do find those are

 8     necessary to assure the presence of the defendant in court

 9     and the safety of the community.  He'll be released on a

10     $50,000 bond with all conditions as recommended by Pretrial.

11     I'll sign the order to that effect at this time.

12          MR. KLEIN: Your Honor, could I have a moment to respond

13     to the government's assertions and the evidence on which

14     they're relying?

15               THE COURT: The Court's ruled, Counsel.  Thank you.

16               (Pause in the proceedings.)

17               THE COURT: Miss Miller.

18               MR. KLEIN: May I have a moment, Your Honor?

19               THE COURT: Yes, sir.

20               (Pause in the proceedings.)

21          MR. KIRSCH: Your Honor, while they're discussing

22     that, Mr. Miller -- excuse me, Mr. Leonard just informed me

23     that the other two defendants now, I believe, are prepared

24     to waive reading and further advisement, just for the

25     Court's planning purposes going forward.

1           THE COURT: That's fine.

2           (Pause in the proceedings.)

3           THE COURT: Thank you.

4           All right.  Mr. Brokaw, it appears you've now

5    signed both your appearance bond and your conditions of your

6    release, is that correct?

7           DEFENDANT BROKAW: I have.

8           THE COURT: And do you understand each of those

9    conditions on your bond, sir?

10          DEFENDANT BROKAW: I've read the document, Your

11   Honor.

12          THE COURT: Do you understand each of those

13   conditions on your bond?

14          DEFENDANT BROKAW: I do.

15          THE COURT: Okay.  Do you understand if you fail to

16   appear for any future court appearances or if you fail to

17   comply with any of your bond conditions the Court would

18   revoke your bond, I would issue a bench warrant for your

19   arrest, additional criminal charges could be brought against

20   you for violation of your bond, and you would be responsible

21   at that point to pay the government $50,000.  Do you

22   understand that?

23          DEFENDANT BROKAW: I do.

24          THE COURT: Do you have any questions as to what

25   will happen if you fail to appear for any future court

1    appearances or if you fail to comply with any of your bond

2    conditions?

3              DEFENDANT BROKAW: No, I don't.

4              THE COURT: The Court will find that Mr. Brokaw has

5    now signed his $50,000 unsecured bond, he's also signed his

6    conditions of his release.  He understands fully that if he

7    fails to appear for any future court appearances or if fails

8    to comply with any of his bond conditions the Court would

9    revoke his bond, I would issue a bench warrant for his

10   arrest, additional criminal charges could be brought against

11   him for violating his bond, and at that point he could be

12   responsible to pay the government $50,000.  The Court at

13   this time will allow Mr. Brokaw to be released on his

14   $50,000 bond with those conditions made of record and in

15   writing by the Court.  I have signed the order to that

16   effect at this time.

17             And we'll address lastly the discovery order for

18   Mr. Brokaw.  The Court has added the following information

19   to the discovery order as tendered, which I have reviewed:

20   First, the speedy trial dates on page eight under Roman

21   Numeral paragraph IV, those are as follows: The 30-day

22   minimum speedy trial date is November 3, 2013; the 70-day

23   speedy trial date is December 11, 2013; the 90-day in

24   custody is no longer applicable since the Court has granted

25   bond to Mr. Brokaw.

1          And then as far as the discovery being exchanged,

2     the government shall provide discovery by October 28, 2013

3     to the defendant, Mr. Brokaw, and Mr. Brokaw shall provide

4     discovery to the government as required under Rule 16 by

5     November 3, 2013.  With those additions to the discovery

6     order, the Court approves the discovery order as amended

7     this morning on the record, it is made an order of the

8     Court, and a copy of that discovery order will be provided

9     to counsel, you'll receive that through e-notice.

10          And then I'll pass this matter briefly, but I will

11     order counsel to Judge Arguello's chambers following this

12     hearing for trial setting once I complete the other two co-

13     defendants' cases.

14          MR. KLEIN: Yes, Your Honor.

15          THE COURT: All right.  Thank you.

16          The defendant's remanded to the custody of the

17     U.S. Marshal to be released on his bond, and then, Mr.

18     Brokaw, you are to report to Pretrial Services within 24

19     hours of your release.  Is that understood, sir?

20          DEFENDANT BROKAW: It is.

21          THE COURT: Okay.  Thank you.

22          The Court recalls the Clara M. Mueller matter,

23     which is in the same case, and if I could have counsel on

24     behalf Ms. Mueller, if you'd enter your appearance again,

25     please.

24

1             MR. LEONARD: Miller Leonard on behalf of Ms.

2        Mueller.

3             THE COURT: All right.  Ms. Mueller's case is

4        before the Court for arraignment and discovery conference.

5        Does your client wish formal reading or further advisement

6        of rights on the Indictment?

7             MR. LEONARD: No, Your Honor, we waive.

8             THE COURT: And what is her pleas to those counts

9        in which she is charged in the Indictment?

10            MR. LEONARD: Your Honor, at this time my client's

11       not prepared to enter any plea.

12            THE COURT: Pardon me?

13            MR. LEONARD: She's not prepared to enter a plea.

14            THE COURT: The Court will enter not guilty pleas

15       to protect the defendant's constitutional rights as to all

16       counts in which she's charged within the Indictment.

17            We'll address now the discovery order in this

18       case.  Give me a moment to review it as tendered.

19            (Pause in the proceedings.)

20            THE COURT: All right.  The Court's reviewed the

21       discovery order as tendered and the Court has added the

22       following information to it:  First, the speedy trial dates

23       under Roman Numeral paragraph IV on page eight, those are as

24       follows:  The 30-day minimum speedy trial date for Ms.

25       Mueller is November 6, 2013; the 70-day speedy trial date is

1    December 11, 2013.  The government shall provide discovery

2    to the defendant by October 28, 2013.  Reciprocal discovery

3    by the defendant to the government shall be provided to the

4    government pursuant to Rule 16 by November 6th, 2013.

5          With those additions to the discovery order, the

6    Court approves the discovery order as amended now this

7    morning on the record, it is made an order of the Court, and

8    a copy of the discovery order will be provided to counsel,

9    you'll get that through e-notice.

10          I will order counsel for both the defendant, Ms.

11   Mueller, and the government in this case, as well, for trial

12   setting before Judge Arguello once we complete the third

13   defendant.  Or, excuse me, the fourth defendant's case.

14          All right.  Anything further on this matter on

15   behalf of the government?

16          MR. KIRSCH: No, sir.

17          THE COURT: All right.  Ms. Mueller, your bond will

18   continue till your next court appearance before Judge

19   Arguello.  If you could go to the microphone, please, ma'am.

20          And do you understand your bond continues till

21   your next court appearance before Judge Arguello?

22          DEFENDANT MUELLER: Yes, I do.

23          THE COURT: All right.  Thank you.

24          MR. LEONARD: Your Honor, I have one inquiry.  It

25   didn't appear to me that the government was seeking a

1    protective order on discovery in this matter.  Is that
2    correct?

3              THE COURT: I didn't see that.

4              MR. KIRSCH: We haven't filed anything yet because
5    I was going to discuss that with the defense counsel first,
6    Your Honor.  It's my expectation that we may well be in a
7    position to be seeking a protective order.

8              THE COURT: You can file that per our Local
9    Rules --

10             MR. LEONARD: Thank you, Your Honor.

11             THE COURT: -- upon discussing that with defense
12   counsel, which is also required under our Local Rules.

13             All right.  The Court will call the fourth named
14   defendant in this case, that's Mimi M. Vigil.  If I could
15   get counsel for Ms. Vigil, if you would reenter your
16   appearance, please.

17             MR. TATUM: Good morning, Your Honor.  John Tatum
18   on behalf of Ms. Vigil who is present.

19             THE COURT: All right.

20             MR. TATUM: Your Honor, after having additional
21   time to consult and discuss the Indictment and the process,
22   Ms. Vigil is now prepared to waive any further reading or
23   advisement on the Indictment, and I think I've previously
24   stated she's had a copy since, I believe, Friday and I had
25   ample time this morning to go over it with her, and that

1    being the case, we would ask the Court to enter not guilty

2    pleas on her behalf on Counts 1, 12, 14, and 17, which I

3    believe are the ones, and any others that I may have missed.

4              THE COURT: No, those are the four counts in which

5    she's charged.

6              The Court will accept the waiver of any further

7    reading or formal advisement of rights on behalf of Ms.

8    Vigil as to those counts she's charged in the Indictment,

9    which are Counts 1, 12, 14 and 17.  A not guilty plea will

10   be entered on each of those four counts, Counts 1, 12, 14

11   and 17, on behalf of Ms. Vigil.  We'll address her discovery

12   order at this point, give me a moment to review it.

13             (Pause in the proceedings.)

14             THE COURT: All right.  The Court's reviewed the

15   discovery order as relates to Ms. Vigil and I have added the

16   following dates to it:  First, the speedy trial dates under

17   Roman Numeral paragraph IV on page eight, those are as

18   follows:  The 30-day minimum speedy trial date is November

19   3, 2013; the 70-day speedy trial date is December 11, 2013;

20   the 90-day in custody is inapplicable since Ms. Vigil is on

21   bond.   The government shall provide discovery to the

22   defendant, Ms. Vigil, by October 28, 2013.   Reciprocal

23   discovery by the defendant to the government shall be

24   provided to the government pursuant to Rule 16 by November

25   3, 2013, which is the minimum speedy trial date.

1          With those additions to the discovery order, the

2     Court at this time will approve the discovery order as

3     amended this morning on the record, it is made an order of

4     the Court, and a copy of the discovery order will be

5     provided to counsel, you'll get that through e-notice.

6          And, Ms. Vigil, your bond will continue till your

7     next court appearance before Judge Arguello, is that

8     understood?

9          DEFENDANT VIGIL: I comprehend.

10         THE COURT: Okay.  Anything further on behalf of

11    the government?

12         MR. KIRSCH: No, Your Honor.  Thank you.

13         THE COURT: Anything further, Mr. Tatum?

14         MR. TATUM: No thank you, Judge.

15         THE COURT: All right.  Now, I will order all

16    counsel for the defendants in this case and the government

17    to meet and confer before any Motion for Protective Order

18    gets filed in this case, as required by our Local Rules.

19         MR. KIRSCH: Yes, sir.

20         THE COURT: All right.  Thank you.  You're excused.

21

22         (Whereupon, the within hearing was then in

23    conclusion at 11:06 a.m. on October 7, 2013.)

24

25         I certify that the foregoing is a correct

29

1       transcript, to the best of my knowledge and belief, from the

2       record of proceedings in the above-entitled matter.

3

4        /s/ Bonnie Nikolas                October 30, 2013

5         Signature of Transcriber              Date

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

30

```
 1                    ** INDEX OF EXHIBITS **

 2

 3                                     OFFERED        ADMITTED

 4      Government Exhibit 2              16

 5      Government Exhibit 3              16

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

AVERY/WOODS REPORTING SERVICE, INC.
455 SHERMAN STREET, SUITE 250, DENVER, CO  80203
303-825-6119      FAX 303-893-8305