IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 13-cr-00392-CMA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1. George Thomas Brokaw,
2. John J. Pawelski,
3. **Mimi M. Vigil**, and
4. Clara M. Mueller,

        Defendants.

---

**DEFENDANT MIMI M. VIGIL'S MOTION TO EXCLUDE HEARSAY STATEMENTS AND FOR PRETRIAL EVIDENTIARY HEARING TO DETERMINE ADMISSIBILITY OF CO-CONSPIRATOR HEARSAY STATEMENTS PURSUANT TO F.R.E. 801(d)(2)(E)**

---

Defendant Mimi M. Vigil, by Counsel, the law office of John S. Tatum, P.C., respectfully moves to exclude alleged co-conspirator hearsay statements and for a pretrial hearing to determine admissibility of hearsay statements pursuant to F.R.E. 801(d)(2)(E). In support of this motion Defendant states as follows:

1. Ms. Vigil is charged in a multi count Indictment with offenses sounding in the nature of filing false claims for tax refunds, obstructing the Internal Revenue Service and with conspiracies to commit said offenses. See, *Indictment*, Counts 1, 12, 14 & 17 (Doc. #1, filed 9/23/13).

2. The discovery provided to date includes various statements made by or attributed to co-defendants Brokaw, Pawelski and Mueller in the form of e-

      mail correspondence, statements to investigators and undercover audio/video recordings of meetings.

3. From informal discussions with Government counsel, we understand the Government may seek to introduce certain of these statements of co-defendants in evidence at a joint trial of all charged defendants.

4. Ms. Vigil objects to purported co-conspirator statements with respect to these conspiracies unless and until the Government establishes that the charged conspiracy existed, Ms. Vigil was a member thereof and that any proffered statements were made in the course and furtherance of the alleged conspiracy.

## APPLICABLE LAW

Pursuant to F.R.E. 801(d)(2)(E), co-conspirators' hearsay statements may be introduced as evidence against a defendant. However, the Tenth Circuit has held that before admitting evidence pursuant to Fed.R.Evid. 801(d)(2)(E), the court must determine: (1) a conspiracy existed, (2) the declarant and the defendant were both members of the conspiracy, and (3) the statements were made in the course of and in furtherance of the conspiracy. The District Court may make these factual determinations using either of two procedures: (1) It may hold a "James hearing," (see generally, *United States v. James,* 590 F.2d 575 (5th Cir. 1979), *cert. denied,* 442 U.S. 917, 99 S.Ct. 2836, 61 L.Ed.2d 283 (1979)) outside the presence of the jury to determine whether the predicate conspiracy existed, or (2) it may provisionally admit the evidence with the caveat that the evidence must "connect up" during trial, i.e., that the party offering the evidence must prove the existence of the predicate conspiracy through trial

testimony or other evidence.  The "James hearing" procedure is preferred in the Tenth Circuit. *U.S. v. Owens,* 70 F.3d 1118, 1123 (10th Cir.1995).  The court is not bound by the rules of evidence in making the preliminary findings required to admit evidence under Rule 801(d)(2)(E). *Id.* at 1124. In either event, the court may consider the hearsay statement itself, as well as independent factors, in determining whether the government has established a conspiracy by a preponderance of the evidence. *U.S. v. Gonzalez-Montoya*, 161 F.3d 643, 649 (10th Cir. 1998). *See also United States v. Rascon,* 8 F.3d 1537 (10 Cir. 1993). The Government is required to prove each of the conspiracy elements by a preponderance of the evidence.  *Bourjaily v. United States,* 483 U.S. 171 (1987).  The requirement of proof by the Government and findings by the Court is also required by the Sixth Amendment to the United States Constitution's guarantee of the right of confrontation. *Id.*

Though the Court may consider hearsay statements themselves in making 801(d)(2)(E) admissibility determinations, most courts also require some reliable corroborating evidence apart from the coconspirators' statements before those statements may be used. *See United States v. Martinez,* 825 F.2d 1451 (10th Cir. 1987); *United States v. Garbett,* 867 F.2d 1132 (8th Cir. 1989); *United States v. Silverman*, 861 F.2d 571 (9th Cir. 1988).

To establish a conspiracy, the government must demonstrate: "[1] that two or more persons agreed to violate the law, [2] that the defendant knew at least the essential objectives of the conspiracy, . . . [3] that the defendant knowingly and voluntarily became a part of it," and [4] that the alleged coconspirators were interdependent. *United States v. Fox,* 902 F.2d 1508, 1514 (10th Cir. 1990) (citation

omitted), cert. denied, 498 U.S. 874, 111 S.Ct. 199, 112 L.Ed.2d 161 (1990); *United States v. Delgado-Uribe,* 363 F.3d 1077, 1081-83 (10th Cir.2004).

WHEREFORE, Defendant Mimi Vigil requests that the above referenced statements be excluded as evidence, for a pre-trial hearing on the admissibility of any such statements and for such other and further relief as the Court deems fit in the premises.

Respectfully submitted this 1st day of April, 2014.

        Respectfully submitted,

        JOHN S. TATUM, P.C.

        <u>s/ John S. Tatum</u>
        John S. Tatum
        Attorney for Mimi Vigil
        12351 East Cornell Avenue
        Aurora, Colorado 80014
        Telephone: (303) 750-6888
        Facsimile: (303) 750-8279
        Email: john@johntatumlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of April, 2014, a true and correct copy of the foregoing *DEFENDANT MIMI M. VIGIL'S MOTION TO EXCLUDE HEARSAY STATEMENTS AND FOR PRETRIAL EVIDENTIARY HEARING TO DETERMINE ADMISSIBILITY OF CO-CONSPIRATOR HEARSAY STATEMENTS PURSUANT TO F.R.E. 801(d)(2)(E)* was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Matthew T. Kirsch, Esq.
Assistant United States Attorney
Email:  matthew.kirsch@usdoj.gov

Miller Leonard, Esq.
Attorney for Clara Mueller
E-mail:  miller@themillerleonardlawfirm.com

And via United States Mail, postage pre-paid, and via e-mail to the following:

George Thomas Brokaw, Pro Se
2260 Palm Drive
Colorado Springs, Colorado   80918
E-mail:  tombrokaw33@msn.com


John Pawelski, Pro Se
6432 Rockville Drive
Colorado Springs, Colorado  80923
E-mail:  johnski9999@gmail.com


                                                             s/ Mary Unrein