IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 13-cr-00392-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. George Thomas Brokaw,
2. John J. Pawelski,
3. **Mimi M. Vigil**, and
4. Clara M. Mueller,

    Defendants.

---

### DEFENDANT MIMI M. VIGIL'S MOTION TO SUPPRESS EVIDENCE – ILLEGAL SEARCH OF HOME AND VIOLATION OF ATTORNEY/CLIENT PRIVILEGE

---

Defendant Mimi M. Vigil, by Counsel, the law office of John S. Tatum, P.C., respectfully moves for an Order suppressing and barring for use as evidence in her trial certain evidence seized in an unconstitutionally unreasonable search and in violation of her attorney-client privilege.  In support of this request, Ms. Vigil states as follows:

1. Ms. Vigil is charged in a multi count Indictment with offenses sounding in the nature of filing false claims for tax refunds, obstructing the Internal Revenue Service and with conspiracies to commit said offenses.  See, *Indictment*, Counts 1, 12, 14 & 17 (Doc. #1, filed 9/23/13).

2. In the course of what appears to be an extensive investigation, agents obtained and executed a warrant for the search of Ms. Vigil's home.  The warrant was issued by United States Magistrate Judge Michael Watanabe on or about September 13, 2011.  See, Doc. # 5, filed September 22, 2011,

*Search And Seizure Warrant*, Case No. 11-sw-05439-MJW, *In the Matter of the Search of 513 Shady Crest Circle, Colorado Springs, CO 80916*. Numerous documents and other items of physical evidence were seized.

3. While reviewing discovery provided by the Government in this case, defense counsel found among the materials seized by agents during the search of Ms. Vigil's home, a letter, dated June 25, 2004, from attorney Myrna Bennett addressed to Ms. Vigil[1] and clearly providing legal advice. For identification purposes, the letter will be referred by its Government assigned Bates number; to wit: SW SHADY – 00001101. We have not attached a copy of the attorney-client privileged letter to this Motion in order not to compound the error complained of herein. However, we are prepared to offer the letter at a hearing on this Motion or to submit the letter for the Court's review as the Court may deem appropriate.

4. The letter on its face should have been recognized by Government agents as a letter from an attorney to her client. The letterhead of the attorney reads: *Moritz and Associates, Inc., Counselors at Law, 5426 N. Academy Blvd. # 110, Colorado Springs, CO 80918*. Upon discovery of the contents of the letter, it should have been returned to Ms. Vigil, unless the Government has evidence indicating that some exception to the attorney-client privilege is applicable to the document. Instead, the letter has been retained in evidence, utilized for purposes unknown to Defendant Vigil and apparently disseminated to all parties in this case.

---

[1] The letter is addressed to "Mrs. Mimi Sandoval." Defendant Vigil was previously married and used the last name of her ex-husband at the time. There will be no dispute that the addressee of the letter was Defendant Vigil and attachments to the letter were signed by this defendant as "Mimi Vigil Sandoval".

2

5. The defense has no evidence of bad faith upon the part of the investigating agents nor the United States Attorney's Office with respect to the seizure of this privileged letter.  In fact, we concede that in Paragraph 9, at page 2, of the Search Warrant, the agents were authorized to seize documents related to "trusts called GERONIMO and SPANISH PEAKS, used by PAWELSKI and VIGIL to transfer assets out of the reach of the IRS."  Documents apparently attached to the privileged letter included information related to certain trusts, but not those trusts specified in the warrant (Bates #'s:  SW SHADY – 00001103 through 00001108.  It may well be that the agents misconstrued the content of the privileged letter.

6. We request that the Court take judicial notice that the Warrant issued by Magistrate Judge Watanabe did not authorize the Government to seize attorney-client privileged materials.

7. Accordingly, the privileged letter should be suppressed as evidence in this case, the original of said letter returned to Ms. Vigil and all paper and digital copies of said letter in the possession of the Government or any other party should be destroyed because:  (1)  the letter was seized in violation of Ms. Vigils 4th Amendment right to be free from unreasonable searches and seizures in that the seizure exceeded the scope of the Warrant; and (2) the letter is subject to the attorney-client privilege and may not be seized absent some legally recognized exception thereto.

**APPLICABLE LAW**

The Fourth Amendment Warrant Clause "categorically prohibits the issuance of any warrant except one particularly describing the place to be searched and the persons or things to be seized." *Maryland v. Garrison*, 480 U.S. 79, 84 (1987). The Court has held that the purpose of this "particularity requirement" is to prevent mere general searches designed to fish out evidence through harassment. "By limiting the authorization to search to the specific areas and things for which there is probable cause to search, the requirement ensures that the search will be carefully tailored to its justifications, and will not take on the character of the wide-ranging exploratory searches the Framers intended to prohibit." *Id.*

The Tenth Circuit's case law against exploratory rummaging is particularly strong. "As to what is to be taken, nothing is left to the discretion of the officer executing the warrant." *U.S. v. Janus Industries*, 48 F.3d 1548, 1553-54 (10th Cir. 1995). See, also, *U.S. v. Foster*, 100 F.3d 846, 849-50 (10th Cir. 1996). This is because grossly exceeding the scope of the warrant undermines its validity by destroying the particularity requirement and transforming the warrant into a general search. *Id.*

With respect to the attorney-client privilege issue, the Tenth Circuit has held that absent prejudice, violation of the privilege is not grounds for barring prosecution, rather it prohibits the prosecution from presenting the tainted evidence at trial. *United States v. Kingston*, 971 F.2d 481 (10th Cir. 1992), citing, *United States v. Blue*, 384 U.S. 251, 255, 16 L. Ed. 2d 510, 86 S. Ct. 1416 (1966).

The attorney-client privilege "protects confidential communications by a client to an attorney made in order to obtain legal assistance from the attorney in his or her

4

capacity as a legal advisor." *Matter of Grand Jury Subpoena Duces Tecum*, 697 F.2d 277, 278 (10th Cir. 1983) (quoting *Fisher v. United States*, 425 U.S. 391, 403 (1976)). The privilege "is intended to encourage `full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and the administration of justice.'" *Swindler & Berlin v. United States*, 524 U.S. 399, 403 (1998) (quoting *Upjohn Co. v. United States*, 449 U.S. 383, 390 (1981)). To be protected by the attorney-client privilege, a communication between a lawyer and client must relate to legal advice or strategy.  *United States v. Johnston*, 146 F.3d 785, 794 (10th Cir. 1998). The party seeking to invoke the attorney-client privilege bears the burden of establishing its applicability. *In re Foster*, 188 F.3d 1259, 1264 (10th Cir. 1999).

WHEREFORE, Defendant Mimi Vigil requests that the above referenced evidence be suppressed and for such other and further relief as the Court deems fit in the premises.

Respectfully submitted this 1st day of April, 2014.

                    Respectfully submitted,

                    JOHN S. TATUM, P.C.

                    s/ John S. Tatum
                    John S. Tatum
                    Attorney for Mimi Vigil
                    12351 East Cornell Avenue
                    Aurora, Colorado  80014
                    Telephone: (303) 750-6888
                    Facsimile: (303) 750-8279
                    Email:  john@johntatumlaw.com

CERTIFICATE OF SERVICE

       I hereby certify that on this 1st day of April, 2014, a true and correct copy of the foregoing **DEFENDANT MIMI M. VIGIL'S MOTION TO SUPPRESS EVIDENCE – ILLEGAL SEARCH OF HOME AND VIOLATION OF ATTORNEY/CLIENT PRIVILEGE** was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Matthew T. Kirsch, Esq.
Assistant United States Attorney
Email:  matthew.kirsch@usdoj.gov

Miller Leonard, Esq.
Attorney for Clara Mueller
E-mail:  miller@themillerleonardlawfirm.com

And via United States Mail, postage pre-paid, and via e-mail to the following:

George Thomas Brokaw, Pro Se
2260 Palm Drive
Colorado Springs, Colorado   80918
E-mail:  tombrokaw33@msn.com


John Pawelski, Pro Se
6432 Rockville Drive
Colorado Springs, Colorado   80923
E-mail:  johnski9999@gmail.com

                                                                              s/ Mary Unrein