Case No. 1:13-cr-00392-CMA Document 15F-7 filed 04/08/14 USDC Colorado pg 1 of 44

## INSTRUCTION NO. 22

Curtis L. Morris argues that he is not chargeable with making false claims because he acted in good faith. Good faith is a complete defense to Counts 6 through 22 of the indictment because it is inconsistent with an intent to defraud, which is an essential element of those charges. The burden of proof is not on Mr. Morris to prove good faith, of course, since a defendant has no burden to prove anything. The government must establish beyond a reasonable doubt that Mr. Morris acted with specific intent to defraud as charged in the indictment.

One who expresses an opinion honestly held by him, or a belief honestly entertained by him, is not chargeable with fraudulent intent even though his opinion is erroneous or his belief is mistaken. Similarly, evidence which establishes only that a person made a mistake in judgment or an error in management, or was careless, does not establish fraudulent intent.

If Mr. Morris believed in good faith that an income tax return as prepared by him truthfully reported the taxable income and allowable withholdings of the taxpayer under the internal revenue laws, he cannot be guilty of willfully preparing or presenting, or causing to be prepared or presented, a false or fraudulent return.

Evidence that Mr. Morris acted in good faith may be considered by you, together with all the other evidence, in determining whether he acted with the intent to defraud the U.S. Department of Treasury, or that he knowingly submitted false, fictitious, and fraudulent information to the U. S. Department of Treasury.

# EXHIBIT G