IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 13-cr-00392-CMA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1. GEORGE THOMAS BROKAW,
2. JOHN J. PAWELSKI,
**3. MIMI M. VIGIL**, and
4. CLARA M. MUELLER,

        Defendants.

---

**DEFENDANT VIGIL'S UNOPPOSED MOTION TO CONTINUE TRIAL AND MOTIONS HEARING AND TO EXCLUDE AN ADDITIONAL 120 DAYS FROM THE OTHERWISE APPLICABLE SPEEDY TRIAL CALCULATION IN THIS ACTION**

---

      Defendant Mimi Vigil by counsel John S. Tatum, P.C., moves this Court for an unopposed Order excluding one hundred twenty days from the otherwise applicable speedy trial calculation commencing from the date the Court rules on this Motion.  We further request a corresponding continuance of the currently scheduled trial date of June 2, 2014 and motions hearing date with respect to certain motions specified herein. With concurrence of all parties, we request that the trial be rescheduled to the extent that the Court's calendar may permit in the September/October, 2014 time frame.  In support of this Motion, Defendant Vigil states as follows:

      1.      Ms. Vigil is charged in a multi-defendant, eighteen count Indictment with serious offenses sounding in the nature of conspiracy to defraud the United States Department of the Treasury through the Internal Revenue Service and a further

conspiracy to obstruct and impede the administration of Internal Revenue laws by thwarting the collection of taxes owed to the Government.  See, Superseding Indictment, Counts 1 & 14 (Doc. #53).

2. Government counsel have diligently arranged for defense counsel to obtain discovery approximating some 15,000 pages of evidence that the Government may use in the prosecution of these conspiracies.  Defense Counsel and his investigator and staff have reviewed the bulk of those materials.  Defense Counsel, our paralegal and investigator in coordination with counsel for Co-Defendant Mueller have reviewed numerous file boxes of materials seized in searches of the residences of Defendants Vigil and Pawelski – a project that required the better part of two days by four people.  We initially did not review the materials seized from the residence of Co-Defendant Brokaw, but recent investigation results may require us to re-evaluate that decision.

3. The Government has further provided certain computer hard drives with nearly 300 gigabytes of materials that we have not yet been able to review (in part due to technical/software issues) and we understand that additional digital data approximating approximately two terabytes of digital data on various computer hard drives is available but not yet reviewed.  The Government is prepared to arrange for defense counsel to have copies of the digital materials for independent review.  Undersigned counsel is something of a computer dinosaur; but we are given to understand that this is a significant amount of data and material to independently review to determine whether portions of this additional material may be relevant and/or exculpatory to the defense.

4.    In the course of investigating the current case we became aware of and found it necessary to review the trial transcript of the case known as *United States v. Curtis Morris, et. al.,* Criminal Acton Number 10-cr-00317-REB.  The Morris trial involved similar tax fraud allegations and resulted in the conviction of Mr. Morris.  Ms. Vigil's name and activities were mentioned at least twice in that trial transcript.  Mr. Morris was the accountant who prepared the tax returns the filing of which resulted in the Indictment of Ms. Vigil in Count 1 of this case.  This combined with the fact that Mr. Morris is an unindicted co-conspirator referenced as "C.M." in the Superseding Indictment made it necessary for us to request production of the entire discovery in the Morris prosecution.  We have recently received, but have not had adequate time to review the Morris discovery materials.  Mr. Morris is not an incidental person to Ms. Vigil's alleged role in the charged conspiracy.  As noted in our recently filed *Defendant Mimi M. Vigil's Memorandum Of Law And Factual Submission In Support Of Motion For Severance Of Defendants And Relief From Prejudicial Joinder* (Doc. #155), Ms. Vigil's good faith defense will implicate the advice and counsel she received from Mr. Morris with respect to the tax returns she filed as well as other actions she subsequently took when dealing with the IRS.  Accordingly, significant additional time exploring this facet of Ms. Vigil's defense will be necessary in order to review the large volume of materials produced in the Morris discovery files.

5.    Aside from the sheer volume of materials, it is apparent from the Indictment that the alleged criminal activities spanned several years dating back to 2008.  Further, although not specifically referenced in the Indictment, our investigation indicates that it may be the Government's theory that Ms. Vigil is or was a member of

some type of anti-government tax protestor organization bent upon at least obstructing if not replacing the Government of the United States.  This organization is known as the Republic Of The United States and it had a Colorado affiliate with which the defendants herein were at least in some degree connected.  Whether this be the Government's theory or not, our investigation to date indicates that (as noted more specifically in Doc. # 155) representatives of this organization schooled and provided propaganda to Ms. Vigil and this invariably relates to Ms. Vigil's good faith and mental state defense.  It has taken defense counsel and our investigator significant time to come to understand the workings of these movements and corresponding ideologies in order to comprehend what these alleged conspiracies are really all about.  Further, it has taken significant amount of our investigator's time to assist in determining what information was provided to Ms. Vigil by whom and under what circumstances and influences in order to ascertain whether culpable mental state issues are involved in the case.  Our investigation has been hampered by the shadowy nature of the organization and the reluctance of some involved persons to provide information to our investigator.  Accordingly, additional time to conclude our investigation is required.  We have identified a number of potential witnesses who must still be interviewed and subpoenaed.  Several of these witnesses reside outside the Denver metropolitan area.  Adequate to complete this investigation and trial preparation is necessary to insure Ms. Vigil's defense is effectively prepared and presented.

6. The situation is made more complex by the decisions of Co-defendants Brokaw and Pawelski to proceed *pro se* and the recent notification by counsel for

4

Defendant Mueller that she suffered a stroke and requires significant medical care and accommodation.  The status of the case may be described as unsettled at best.

       7.      With respect to the status of numerous pending motions, counsel for the Government and Defendants Mueller and Vigil propose that the Court continue the hearing of the motions filed by Defendants Vigil and Mueller regarding the issues of Co-conspirator Hearsay Statements (Doc. #'s 140 & 141) and the issues of Severance of Defendants (Doc. #'s 143, 155 & 157).  Counsel for the Government anticipate filing a Response to the Co-conspirator Statements motions in which the Government will set forth a proposed schedule for the identification of such statements the Government may seek to introduce at trial and for defense responses to the same.  Defendants Mueller and Vigil have no objection to this proposed procedure.  Counsel for these parties further concur that the issue of severance may better be resolved once the parties are aware of the status of co-conspirator statements as such may further implicate severance issues.  We understand the Government wishes to proceed as scheduled on April 24th with hearing on all remaining pending motions.  Defendant Vigil has no objection to hearing all other pending motions on April 24th.  Defendant Mueller's counsel is seeking additional medical information regarding Ms. Mueller's ability to proceed and will advise the Court accordingly on or before April 24th, depending upon the availability of information.

       8.      The request for an exclusion of one hundred twenty days from the otherwise applicable speedy trial calculation contemplates such factors including the following:

    a. Undersigned counsel does not contemplate any major complex trials on his calendar during the next several months, however he does have his normal caseload with corresponding deadlines and responsibilities.

    b. Given the volume of anticipated discovery, a significant amount of which we have not yet been able to review, counsel estimates that an exclusion of one hundred twenty days would be sufficient to review and analyze the discovery, conduct our independent investigation and sort out anticipated legal and factual issues.

    c. Depending upon the posture of the case after the Court considers and rules upon the various pending motions, additional excludable time may be necessary for trial preparation.  At this time we are unable to comment specifically on such an eventuality given the early stage of proceedings and lack of detailed information regarding the eventual status of the case.

9.　We have consulted with Assistant United States Attorneys Matthew Kirsch and Martha Paluch and are authorized to state that the Government does not object to the relief requested herein.  We have also consulted with co-defendants Brokaw and Pawelski and are authorized to state that they do not oppose a continuance of the trial until the September/October time frame as requested herein.  However, because these defendants are proceding *pro se*, Defense Counsel did not think it appropriate to discuss with them and potentially be seen as attempting to advise them on the specifics of the Speedy Trial Act and exclusions of time pursuant to the provisions thereof.  We are further authorized by Miller Leonard, Esq., Counsel for Defendant Mueller, to state

that Ms. Mueller joins in the relief requested in this Motion with respect to continuing the trial to the September/October time frame and requested speedy trial exclusion of time. For reasons set forth in Ms. Mueller's recently filed Motion to Continue, Mr. Leonard is seeking more information as to Ms. Mueller's medical condition before taking a final position on continuance of the Motions Hearing.

10. 18 U.S.C. § 3161(h)(7) authorizes this Court to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(B) authorizes a continuance where a failure to grant such a continuance in the proceeding would be "likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice", and "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161 (h)(7)(B)(i),(iv). Further, for the reasons set forth in this motion, this case should be deemed complex within the meaning of Title 18, United States Code, Section 3161(h)(7)(B)(ii) in that it would be unreasonable to expect adequate preparation for pre-trial and trial proceedings within the normal time limits prescribed by law.

9. As is evidenced by the severity of the charges facing Ms. Vigil, the complexity of the case, and the sheer volume of materials to be reviewed and analyzed, an exclusion of one hundred twenty days from the otherwise applicable speedy trial calculation would serve the best interests of the defendant and the public by permitting defense counsel to properly investigate and prepare Ms. Vigil's defense, taking into account the exercise of due diligence.

7

10. Under the factors set out in *United States v. West*, 828 F.2d 1468, 1469-70 (10th Cir. 1987), as well as the teachings of *United States v. Toombs*, 574 F.3d 1262, 1268 (10th Cir. 2009) and *United States v. Medrano*, 2009 WL 4547801 *1-3 (08-1273)(C.A. 10th Circuit, December 7, 2009), even with due diligence expended by involved counsel, a reasonable amount of excluded time is necessary to provide adequate time for investigation and to provide effective motions practice and trial preparation to the defendant herein.

WHEREFORE, Ms. Vigil, with the joinder of Co-defendant Mueller and the absence of objection by the Government and remaining Co-defendants, respectfully requests that the Court issue an Order granting the following relief:

a. Excluding one hundred twenty days from the otherwise applicable speedy trial calculation under 18 U.S.C. 3161, said period of exclusion to commence on the date that the Court rules upon this Motion[1].

b. Continuing the currently scheduled trial date of June 2, 2014 and corresponding trial readiness conference date and resetting the trial to commence in the September/October 2014 time frame or as the Court's calendar may accommodate in that general time frame.

c. Continuing the hearing on motions filed by Defendants Vigil and Mueller regarding the issues of Co-conspirator Hearsay Statements (Doc. #'s 140 & 141) and the issues of Severance of Defendants (Doc. #'s 143, 155 & 157).

d. Hearing such other pending motions as the Court may deem appropriate on the currently scheduled motions hearing date of April 24, 2014 subject to

---

[1] Obviously, other Speedy Trial Act provisions are implicated by the fact that numerous motions are currently pending before the Court and this request is necessarily submitted subject to other applicable statutory provisions.

information the Court may later receive regarding the medical condition of Co-defendant Mueller.

Respectfully submitted this 9th day of April 2014.

        Respectfully submitted,

        JOHN S. TATUM, P.C.

        s/ John S. Tatum
        John S. Tatum
        12351 East Cornell Avenue
        Aurora, Colorado  80014
        Telephone: (303) 750-6888
        Facsimile: (303) 750-8279
        Email:  john@johntatumlaw.com
        Attorney for Defendant Mimi Vigil

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of April, 2014, a true and correct copy of the foregoing *DEFENDANT VIGIL'S UNOPPOSED MOTION TO CONTINUE TRIAL AND MOTIONS HEARING AND TO EXCLUDE AN ADDITIONAL 120 DAYS FROM THE OTHERWISE APPLICABLE SPEEDY TRIAL CALCULATION IN THIS ACTION* was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Matthew T. Kirsch, Esq.
Martha A. Paluch, Esq.
Assistant United States Attorneys
matthew.kirsch@usdoj.gov
martha.paluch@usdoj.gov

Miller Leonard, Esq.
miller@themillerleonardlawfirm.com
Attorney for Clara M. Mueller

9

And via United States Mail, postage pre-paid, and via e-mail to the following:

George Thomas Brokaw, Pro Se
2260 Palm Drive
Colorado Springs, Colorado   80918
E-mail:  tombrokaw33@msn.com


John Joseph Pawelski, Pro Se
C/O P.O. Box 75341
Colorado Springs, CO. 80970-5341
E-mail:  johnski9999@gmail.com


                                                               s/ Mary Unrein