IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.   13-cr-00392-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    1.    George Thomas Brokaw,
    2.    **John J. Pawelski**,
    3.    **Mimi M. Vigil, and**
    4.    **Clara M. Mueller,**

    Defendants.

---

**GOVERNMENT'S RESPONSE TO DEFENDANTS PAWELSKI'S, VIGIL'S AND MUELLER'S MOTIONS TO EXCLUDE HEARSAY STATEMENTS AND FOR PRE-TRIAL EVIDENTIARY HEARING [#s 140, 141, and 161]**

---

Defendants Pawelski, Vigil, and Mueller have all filed very similar motions to exclude hearsay statements unless and until the Court determines that such statements are admissible pursuant to Federal Rule of Evidence 801(d)(2)(E) (Doc. #s 140, 141, and 161). The government agrees that it is preferable to determine the admissibility of such statements prior to trial, but it proposes that the Court can likely make this determination without a hearing. The Court should thus grant in part and deny in part the Defendants' motions.

**The Court Likely Can Determine the Admissibility of Co-Conspirator Statements Based on Pleadings**

As the Defendants have suggested, the government intends to offer a limited number of statements into evidence at trial pursuant to Rule 801(d)(2)(E) of the Federal

1

Rules of Evidence and agrees that the Court should make pre-trial rulings related to the admissibility of statements pursuant to this rule.[1]

With respect to co-conspirator statements offered pursuant to Rule 801(d)(2)(E), the Tenth Circuit has expressed a concern about the risk of undue prejudice created if statements are admitted with the idea that they will later be "connected up" with evidence demonstrating the existence of a conspiracy, but such evidence is not admitted.  *United States v. Urena*, 27 F.3d 1487, 1491 (10th Cir. 1994).   This concern has led the Tenth Circuit to prescribe a "preferred order of proof," which "simply refers to the requirement that the trial judge make his requisite factual determinations prior to allowing the co-conspirator hearsay statements to be heard by the jury."  *United States v. Hernandez*, 829 F.2d 988, 994 n.6 (10th Cir. 1987).   This requirement arises in part because those factual determinations are made through examination of the co-conspirator statements themselves.   *Bourjaily v. United States*, 483 U.S. 171, 181 (1987); *Hernandez*, 829 F.2d at 993.   It is also clear that defendants have "no distinct right to a pre-trial hearing with respect to the conspiracy determination."   *Hernandez*, 829 F.2d at 994.   The important factor is not that the trial court hold a hearing *per se*, but that the trial court make its relevant factual determinations prior to the introduction of co-conspirator statements to the jury.   See *Urena*, 27 F.3d at 1491; *Hernandez*, 829 F.2d at 993-94.

Based on the considerations outlined above, the government proposes to submit a *James* log detailing the various statements it intends to introduce and the evidence proving the existence of the conspiracies alleged in the indictment, including their dates of

---

[1] The government will also likely offer evidence pursuant to other subsections of Rule 801(d); this type of evidence does not require pre-trial admissibility rulings, nor is there any requirement that it be identified pre-trial.

existence and their members.   The Defendants could then file written challenges to both the government's evidence of the conspiracies' existence and to particular statements contained in the log.   After receiving these pleadings from both parties, the Court will then be in a position to decide whether a further hearing is required or whether the Court is able to make the requisite determinations pursuant to Rule 104 of the Federal Rules of Evidence.   This procedure would allow the Court at least the possibility of avoiding a time-consuming "mini-trial" on this issue if it is able to rule on the pleadings.   *See United States v. Cheatham*, 500 F. Supp.2d 528, 536-37 (W.D. Pa. 2007).

## Conclusion

The procedure described above is efficient and also consistent with the Tenth Circuit's preferred order of proof concerning co-conspirator statements offered under Rule 801(d)(2)(E).   Given the current posture of the case, the government requests that the Court set deadlines for the filing of the pleadings described above at the next status conference in this case, currently scheduled for July 2, 2014.   The government further requests that the Court grant the Defendant's motions (Doc. #s 140, 141, and 161) to the extent that they request pre-trial determinations as the admissibility of these statements but otherwise deny the motions.

Respectfully submitted this 18th day of April, 2014,

        JOHN F. WALSH
        United States Attorney


        <u>s/ Matthew T. Kirsch</u>
        MATTHEW T. KIRSCH
        MARTHA A. PALUCH
        Assistant U.S. Attorneys
        1225 17th Street, Suite 700
        Denver, CO 80202
        Telephone 303-454-0100
        Facsimile 303-454-0402
        Email: matthew.kirsch@usdoj.gov
               martha.paluch@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of April, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

John S. Tatum, Esq.
john@johntatumlaw.com
Attorney for Mimi M. Vigil

Miller Leonard, Esq.
miller@themillerleonardlawfirm.com
Attorney for Clara M. Mueller

I hereby certify that on this 18th day of April, 2014, I emailed the foregoing to the following e-mail addresses:

George Thomas Brokaw, Pro Se
Tombrokaw33@msn.com

John J. Pawelski, Pro Se
Johnski9999@gmail.com

s/ Deborah Sisung
Deborah Sisung
Legal Assistant
United States Attorney's Office
1225 17th Street, Suite 700
Denver, CO 80202
303 454-0100
Fax: 303 454-0402
Deborah.Sisung@usdoj.gov