IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.   13-cr-00392-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.     George Thomas Brokaw,
2.     John J. Pawelski,
3.     **Mimi M. Vigil, and**
4.     **Clara M. Mueller,**

    Defendants.

---

**GOVERNMENT'S OPPOSITION TO DEFENDANTS VIGIL'S AND MUELLER'S MOTIONS FOR SEVERANCE [#s 143 and 157]**

---

Defendants Vigil and Mueller have moved to sever their trials from the trial of Defendants Brokaw and Pawelski on the grounds that they intend to present good faith defenses, which they claim will be antagonistic to the defenses they expect Defendants Brokaw and Pawelski to present.   A closer examination of these claims, however, reveals that the good faith defenses described by Defendants Vigil and Mueller are not antagonistic in a manner that supports severance.   Instead, they may even be complementary to the likely defenses presented by Defendants Brokaw and Pawelski. Defendant Mueller argues that she will have an additional antagonistic defense based on the fact that she became an investigative target later than the other defendants.   Even assuming that this fact is admissible and relevant, her presentation of that fact at a joint trial would not prejudice her but would instead be more likely to be viewed as exculpatory.

1

Because Defendants Vigil and Mueller cannot demonstrate that they will be prejudiced by a joint trial, the Court should deny Defendant Vigil's Motion for Severance and Relief from Prejudicial Joinder (Doc. # 143) and Defendant Mueller's Motion to Sever ( Doc. # 157).[1]

**Defendants Vigil's and Mueller's Good Faith Defenses are Not Mutually Exclusive, Antagonistic Defenses Justifying Severance**

There appears to be no dispute that charges against all of the Defendants are properly joined under Rule 8(b) of the Federal Rules of Criminal Procedure, which provides that "[t]wo or more defendants may be charged in the same indictment . . . if they are alleged to have participated in the . . . same series of acts or transactions" constituting one or more offenses.  Fed. R. Crim. P. 8(b).  Rule 8(b) permits joinder of crimes arising out of a common scheme or plan and applies to substantive offenses as well as conspiracies.  *Id.*

Instead, Defendants Vigil and Mueller argue that this Court should exercise its discretion under Rule 14 of the Federal Rules of Criminal Procedure to sever their trials from the trial of the other Defendants.  *See* Fed. R. Crim. P. 14(a) (allowing a court to sever trials of defendants to avoid prejudice).  (Defendants Vigil and Mueller do not appear to be requesting individual trials, just a severance from the other two Defendants.)

"There is a preference in the federal system for joint trials of defendants who are indicted together."  *Zafiro v. United States*, 506 U.S. 534, 537 (1993).  Joint trials play a vital role in the criminal justice system.  *Id.*  They promote efficiency and "generally serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts."  *Richardson v. Marsh*, 481 U.S. 200, 210 (1987).  "It would impair

---

[1] Defendant Vigil has also filed a Memorandum in support of her motion (Doc. # 155).

both the efficiency and the fairness of the criminal justice system to require . . . that prosecutors bring separate proceedings, presenting the same evidence again and again, requiring victims and witnesses to repeat the inconvenience (and sometimes trauma) of testifying, and randomly favoring the last-tried defendants who have the advantage of knowing the prosecution's case beforehand." *Id.* Particularly "in a conspiracy trial it is preferred that persons charged together be tried together." *United States v. Pursley*, 474 F.3d 757, 767 (10th Cir. 2007).

When defendants are properly joined under Rule 8(b), a severance under Rule 14 should only be granted if there is a serious risk that being tried jointly will compromise a specific right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence. *Zafiro*, 506 U.S. at 539. "Inasmuch as severance is a matter of discretion and not of right, the defendant must bear a heavy burden of showing real prejudice to his case." *United States v. Hall*, 473 F.3d 1295, 1302 (10th Cir. 2007), quoting *United States v. McConnell*, 749 F.2d 1441, 1444 (10th Cir. 1984); *see also United States v. Dazey*, 403 F.3d 1147, 1165 (10th Cir. 2005) (a defendant cannot obtain severance simply by showing that evidence against a co-defendant is more damaging than the evidence against herself). In a case where defendants are charged together in common crimes, the preference becomes a *presumption* in favor of a joint trial. *United States v. Hardwell*, 80 F.3d 1471, 1486 (10th Cir. 1996).

Even if a defendant demonstrates possible prejudice from a joint trial, a trial court should first try to fashion another form of relief, such as a limiting instruction, to address such prejudice. *See Zafiro*, 506 U.S. at 538-539. Indeed, the Tenth Circuit's preferred

remedy is a proper jury instruction. See *United States v. Wacker*, 72 F.3d 1453, 1467 (10th Cir. 1996); *United States v. Edwards*, 69 F.3d 419, 434 (10th Cir. 1995). This is based at least in part on the assumption, fundamental to our judicial system, that juries follow instructions. *United States v. Cardall*, 885 F.2d 656, 668 (10th Cir. 1989).

The particular prejudice asserted by Defendants Vigil and Mueller results from their allegedly antagonistic defenses to those of Defendants Brokaw and Pawelski. A defendant's mere claim that her defense will conflict with the defense of a co-defendant is insufficient to support severance. *United States v. McClure*, 734 F.2d 484, 488 (10th Cir. 1984). Nor is "one defendant's attempt to cast blame on the other" itself sufficient to support severance. *Id.* Rather, a court faced with a claim of antagonistic defenses should conduct a three-part inquiry: (1) determine whether the defenses presented are "so antagonistic that they are mutually exclusive." *United States v. Pursley,* 474 F.3d 765, 766 (10th Cir. 2007), quoting *United States v. Peveto,* 881 F.2d 844, 857 (10th Cir. 1989); (2) determine whether there is a "serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence," *id.*; and (3) if the first two criteria are met, "exercise its discretion and weigh the prejudice to a particular defendant caused by joinder against the obviously important considerations of economy and expedition in judicial administration." *Id.* Defendants Vigil's and Mueller's claims fail at each step of this inquiry.

First, there is no showing that the defenses presented will be so antagonistic as to be mutually exclusive. In fact, the expected defenses appear to be complementary. Defendants Vigil and Mueller intend to claim that, when they submitted and helped their

4

co-Defendants submit outrageously high claims for tax refunds, and when they submitted and helped their co-Defendants submit and file a variety of other obviously false or fraudulent liens, bonds, promissory notes, and similar documents, they were acting in good faith on advice they received in part from their co-Defendants, as well as from un-indicted co-conspirator C.M.   As Defendants Vigil and Mueller themselves note, Defendants Brokaw and Pawelski purported to believe in the legitimacy of such claims and legal documents and encouraged others to file such claims and documents.   To date, the pleadings filed by Defendants Brokaw and Pawelski have suggested that they too will claim at trial that they believed in what they were doing, were acting in good faith, and are therefore innocent of the charged crimes.   Claims by all of the Defendants that they were acting in good faith, even if some of the Defendants further claim that they relied on advice and information from other co-Defendants in forming their own beliefs, do not require that "the jury, in order to believe the core of one defense, must necessarily disbelieve the other."   *United States v. Linn*, 31 F.3d 987, 992 (10th Cir. 1994).   There is nothing about claims by Defendants Vigil and Mueller that they were following the lead of Defendants Brokaw and Pawelski that necessarily suggests or requires a finding that Defendants Brokaw and Pawelski were acting criminally.   See *Dazey*, 403 F.3d at 1165 (noting that it would be "perfectly logical" for a jury to believe that a less culpable defendant believed in a fraudulent investment program at the same time that a more culpable defendant did).   The core of the asserted defense for Defendants Vigil and Mueller is that they were acting in good faith, not that they were the victims of fraudulent or merely unscrupulous conduct by their co-defendants.   Acceptance of their defense

would not tend to preclude the acquittal of the other Defendants, see *Pursley*, 474 F.3d at 765-766, so severance is not warranted.

The second inquiry also disfavors severance because Defendants Vigil and Mueller cannot show a serious risk that a joint trial will compromise a specific trial right or prevent the jury from making a reliable judgment about guilt or innocence. Although it is understandable why a joint trial may make it uncomfortable for counsel for Defendants Vigil and Mueller to argue that Defendants Brokaw and Pawelski were "purveyors of garbage," (Doc. # 155 at 13), this argument is not related to a specific trial right, nor is it even necessary to establish good faith on the part of Defendants Vigil and Mueller. In fact, claims that Defendants Brokaw and Pawelski were promoting obviously fraudulent theories are at least as likely to undercut claims of good faith as they are to bolster them. Even if the jury agreed with this characterization of Defendants Brokaw and Pawelski, however, this would in no way prevent the jury from reliably judging the guilt of Defendants Vigil and Mueller.

Given the Defendants Vigil's and Mueller's failure to satisfy the first two inquiries, the Court need not even weigh the prejudice to them caused by joinder against the considerations of judicial economy. Without a showing of prejudice, the presumption for joint trials for conspirators charged together controls. *Hardwell*, 80 F.3d at 1486.

### Defendant Mueller Has No Unique Defenses Justifying Severance

Defendant Mueller asserts three additional grounds for severance, but none of them supports a severance. First, she claims that she was less involved than other Defendants in the charged conspiracies. The Tenth Circuit has repeatedly rejected the argument that a severance is proper based on a potential disparity in the amount of

6

evidence against different defendants.  *See, e.g., Dazey*, 403 F.3d at 1165; *Wacker*, 72 F.3d at 1468; *United States v. Emmons*, 24 F.3d 1210, 1218-19 (10th Cir. 1994).

Second, Defendant Mueller suggests that the sequence of events that led to her being charged creates a separate antagonistic defense for her.  It is not clear how this sequence of events relates to the elements of the crimes charged in the indictment or would be otherwise relevant at trial.  Even assuming that this evidence is admissible, however, it is not mutually antagonistic to the expected good faith defenses of the other Defendants.  Whatever claim of governmental misconduct or bad faith Defendant Mueller might try to make at trial, the presence of co-defendants will not hinder her ability to make such a claim.  As for the second prong of the inquiry, Defendant Mueller asserts, but then completely fails to explain, how the fact that she was not an initial target of the investigation will prevent the jury from making a reliable judgment about her guilt once she was indicted by the grand jury.  Again, assuming that this evidence proves anything relevant to the trial and is thus admissible, it would seem to make Defendant Mueller look less culpable than the other Defendants.  It certainly would not prejudice her to introduce such evidence at a joint trial, and it does not support her request for a severance.

Finally, Defendant Mueller claims that her trial should be severed so that it is easier for her to call as witnesses the current wife of Defendant Brokaw and the former wife of Defendant Pawelski, purportedly to establish that neither of them were charged despite having filed tax returns with Forms 1099-OIDs.  There are numerous problems with this claim.  First, the fact that third parties were not charged with similar crimes is completely irrelevant to Defendant Mueller's guilt of the charged crimes.  This idea is so fundamental that it is embodied in the Tenth Circuit's pattern jury instructions: "The fact

that another person may *also* be guilty is no defense to a criminal charge. The question of the possible guilt of others should not enter your thinking as you decide whether this defendant has been proved guilty of the crime charged." Tenth Circuit Pattern Jury Instructions – Criminal, No. 1.19 (2011 ed.). Second, even if Defendant Mueller wanted these women to testify, she has not explained how she would avoid Mrs. Brokaw's invocation of the spousal testimonial privilege, *see United States v. Montague*, 421 F.3d 1099, 1103 (10th Cir. 2005), or that any other testimony she seeks would not be protected by the marital communications privilege, *see id.*, the other women's Fifth Amendment privileges against self-incrimination, or both. Most importantly, all of these problems would remain at a separate trial for Defendant Mueller.

In short, nothing about Defendant Mueller's claims that she is less culpable than Defendants Brokaw and Pawelski, that she became a target later than the other Defendants, or that she is interested in attempting to call the current or former wives of Defendants Brokaw and Pawelski justifies a severance.

## Conclusion

Every indication to date is that all four Defendants will present some variation of a good faith defense. Neither Defendant Vigil nor Defendant Mueller have demonstrated that their good faith defenses will be mutually exclusive, antagonistic defenses to those of the other defendants, or that they will otherwise be prejudiced by being tried jointly with Defendants Brokaw and Pawelski. The Court should apply the presumption in favor of joint trials for co-conspirators charged together and deny Defendant Vigil's Motion for Severance and Relief from Prejudicial Joinder (Doc. # 143) and Defendant Mueller's Motion to Sever (Doc. # 157).

Respectfully submitted this 18th day of April, 2014,

                JOHN F. WALSH
                United States Attorney

                s/ Matthew T. Kirsch
                MATTHEW T. KIRSCH
                MARTHA A. PALUCH
                Assistant U.S. Attorneys
                1225 17th Street, Suite 700
                Denver, CO 80202
                Telephone 303-454-0100
                Facsimile 303-454-0402
                Email: matthew.kirsch@usdoj.gov
                          martha.paluch@usdoj.gov

**CERTIFICATE OF SERVICE**

     I hereby certify that on this 18th day of April, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

John S. Tatum, Esq.
john@johntatumlaw.com
Attorney for Mimi M. Vigil

Miller Leonard, Esq.
miller@themillerleonardlawfirm.com
Attorney for Clara M. Mueller

     I hereby certify that on this 18th day of April, 2014, I emailed the foregoing to the following e-mail addresses:

George Thomas Brokaw, Pro Se
Tombrokaw33@msn.com

John J. Pawelski, Pro Se
Johnski9999@gmail.com

                                           s/ Deborah Sisung
                                           Deborah Sisung
                                           Legal Assistant
                                           United States Attorney's Office
                                           1225 17th Street, Suite 700
                                           Denver, CO 80202
                                           303 454-0100
                                           Fax: 303 454-0402
                                           Deborah.Sisung@usdoj.gov