**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Criminal Case No.   13-cr-00392-CMA-03

UNITED STATES OF AMERICA,

     Plaintiff,

v.

    1.    George Thomas Brokaw,
    2.    John J. Pawelski,
    3.    **Mimi M. Vigil,** and
    4.    Clara M. Mueller,

     Defendants.

---

**GOVERNMENT'S RESPONSE TO DEFENDANT MIMI M. VIGIL'S MOTION TO SUPPRESS EVIDENCE – ILLEGAL SEARCH OF HOME AND VIOLATION OF ATTORNEY/CLIENT PRIVILEGE [# 142]**

---

Defendant Mimi M. Vigil ("defendant") seeks an order from this Court suppressing and barring for use as evidence in her trial a two-page letter to her from an attorney seized during the search of her residence (Doc. # 142).   Defendant claims that the original of the letter should be returned to her and "all paper and digital copies of said letter in the possession of the Government or any other party should be destroyed . . . ."   *Id.* at 3. While the government agrees that it should not be allowed to use this letter in its case in chief, it disagrees with the additional remedies defendant seeks, for the following reasons.

    1.  Thousands of pages of documents were seized from the Vigil/Pawelski Shady Crest residence.   As noted by the defendant, the agents were authorized to seize

1

documents related to specific trusts used by defendant to transfer assets out of the reach of the IRS.   *See* Search Warrant, Case No. 11-sw-05439-MJW at ¶ 9 (referencing the GERONIMO and SPANISH PEAKS trusts).   The warrant also authorized the agents to seize "records, documents, or materials, in any form (written, printed, magnetic, or electronic), [c]onstituting evidence, fruits, and instrumentalities of violations of . . . ii.   Title 26, United States Code, Section 7201 – Attempt to Evade Tax."   *Id.* at Attachment B (introductory paragraph).   The letter in question was in response to defendant's request that someone named Myrna Bennett review trust documents and opine as to whether these trusts would allow defendant "to avoid federal taxes, including income tax."   SW SHADY – 00001101-1102.   While the trusts referenced in the letter were not those listed in ¶ 9, this letter constitutes evidence pertaining to tax evasion as referenced in Attachment B, and therefore, the government maintains that the letter was not outside the scope of the warrant.

2.   The letter is signed by "Myrna Bennett," with that typed name appearing under the signature with no title or designation indicating that this individual is an attorney.   The letterhead states, "Moritz and Associates, Inc.," and in much smaller font, states, *"Counselors at Law."*   The government concedes that this letterhead, combined with the advice in the letter regarding the illegality of the trusts at issue, renders this letter privileged as attorney-client communication.   There is, however, no allegation or any evidence that the agents executing the warrant acted with flagrant disregard for its terms. The appropriate remedy is therefore suppression of the letter.   *See United States v. Hargus,* 128 F.3d 1358, 1363 (10th Cir. 1997) ("[i]f evidence is illegally seized, the

2

general rule is that only the improperly seized evidence, not all of the evidence, must be suppressed unless there was flagrant disregard for the terms of the warrant").

3.   However, evidence inadmissible as part of the government's case-in-chief may be admissible for another purpose such as impeachment.   In *United States v. Havens,* 446 U.S. 620 (1980), the Supreme Court held that "a defendant's statements made in response to proper cross-examination reasonably suggested by the defendant's direct examination are subject to otherwise proper impeachment by the government, albeit by evidence that has been illegally obtained and that is inadmissible on the government's direct case, or otherwise, as substantive evidence of guilt."   *Id.* at 627-28; s*ee also United States v. Jamieson,* 806 F.2d 949, 952 (10th Cir. 1986) ("[e]ven though prior to trial records seized in an illegal search are suppressed, such does not give a defendant free rein to thereafter take the stand and testify falsely.   Records, previously suppressed, may be used by the prosecution to show that a defendant's testimony in court does not square with his own records") (citations omitted).   In this case, the defendant's testimony could make the letter in question admissible, if, for example, she testified that she never sought advice from an attorney regarding tax matters.   In that instance, the government should be allowed to impeach her with the letter from Ms. Bennett advising against use of certain trusts to avoid income taxes.   The attorney client privilege will then have been waived.   *See United States v. Pinson,* 584 F.3d 972, 978 (10th Cir. 2009) (Tenth Circuit "has acknowledged the implied waiver of attorney-client privilege that arises when a party puts his counsel's advice in issue") (citation omitted).

3

4.   Accordingly, the government submits that defendant's motion should be granted in part only to the extent it seeks suppression of the letter in question for use in the government's case-in-chief, and denied in all other respects.

Respectfully submitted this 18th day of April, 2014.

JOHN F. WALSH
United States Attorney


s/ Martha A. Paluch
MARTHA A. PALUCH
MATTHEW T. KIRSCH
Assistant U.S. Attorneys
1225 17th Street, Suite 700
Denver, CO 80202
Telephone 303-454-0100
Facsimile 303-454-0402
Email: martha.paluch@usdoj.gov
          matthew.kirsch@usdoj.gov

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of April, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

John S. Tatum, Esq.
john@johntatumlaw.com
Attorney for Mimi M. Vigil

Miller Leonard, Esq.
miller@themillerleonardlawfirm.com
Attorney for Clara M. Mueller

I hereby certify that on this 18th day of April, 2014, I emailed the foregoing to the following e-mail addresses:

George Thomas Brokaw, Pro Se
Tombrokaw33@msn.com

John J. Pawelski, Pro Se
Johnski9999@gmail.com

s/ Deborah Sisung
Deborah Sisung
Legal Assistant
United States Attorney's Office
1225 17th Street, Suite 700
Denver, CO 80202
303 454-0100
Fax: 303 454-0402
Deborah.Sisung@usdoj.gov