IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 13-cr-00392-CMA

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1. GEORGE THOMAS BROKAW,
2. JOHN J. PAWELSKI,
**3. MIMI M. VIGIL**, and
4. CLARA M. MUELLER,

       Defendants.

---

**DEFENDANT VIGIL'S MOTION FOR SELF-REPRESENTATION BY DEFENDANT AND FOR WITHDRAWAL BY DEFENDANT'S PRESENT COUNSEL**

---

Defendant Mimi Vigil by counsel John S. Tatum, P.C., hereby moves this Court for an order permitting Defendant Vigil to act as her own attorney in this case, and for counsel's withdrawal as attorney of record. In conformity with D.C.COLO.LCr 57.5D, the basis for this request is set forth as follows.

1. Ms. Vigil has advised the undersigned that she wishes to exercise her right under the Sixth Amendment of the United States Constitution (as outlined in *Faretta v.California*, 422 U.S. 806 (U.S. 1975) and *United States v. Tucker*, 451 F.3d 1176 (10th Cir. 2006)) to represent herself.

2. Under the applicable portions of Colorado Rule of Professional Responsibility[1] 1.16(a)(3), "a lawyer . . . where representation has commenced, shall withdraw

---

[1] Under D.C.COLO.LCr 57.6, the Colorado Rules of Professional Responsibility, with exceptions not applicable here, have been adopted as the standards for practice before this Court.

from the representation of a client if . . . the lawyer is discharged", which Ms. Vigil seeks to do here so that she may exercise her right to represent herself. The undersigned accordingly requests permission to withdraw as Ms. Vigil's counsel of record, and requests the Court to allow Ms. Vigil to represent herself.

3. As Counsel advised the Court at the July 16, 2014 Status Hearing, Ms. Vigil informed Counsel during that hearing that it is her desire to represent herself and instructed Counsel to so inform the Court.[2] The Court instructed Counsel to file an appropriate Motion formalizing Ms. Vigil's request.

4. Ms. Vigil respectfully requests a "*Faretta* hearing" in order to deal with her intention to represent herself. In order properly to invoke the right to self-representation:

> [A] defendant must satisfy four requirements. First, the defendant must "clearly and unequivocally" inform the district court of his intention to represent himself. . . Second, the request must be timely and not for the purpose of delay. . . Third, the court must conduct a comprehensive formal inquiry to ensure that the defendant's waiver of the right to counsel is "knowingly and intelligently" made. . . Finally, the defendant "must be 'able and willing to abide by rules of procedure and courtroom protocol.'

*United States v. Tucker*, 451 F.3d 1176, 1180 (10th Cir. 2006). Ms. Vigil believes that her situation meets all of these criteria.

5. With Ms. Vigil's authorization, Counsel further informs the Court regarding a circumstance that the Court may wish to discuss with Ms. Vigil during any applicable *Faretta* Hearing that may be held regarding this request. In February, 2013 Ms. Vigil was involved in a motor vehicle accident which, according to Ms.

---

[2] This was not a spur of the moment decision as Ms. Vigil has broached the subject of self-representation with Counsel numerous times over the months this matter has been pending.

2

    Vigil and medical records provided to Defense Counsel, resulted in a concussive head injury with some memory loss, blurred vision, loss of focus and other diminished cognitive functions for several months.  The issues were treated with physical and cognitive therapy and improvements in cognitive functioning, memory retention, focus, etc., were noted according to the available records.

6. Upon learning of the accident and understanding from Ms. Vigil that her ability to recall events prior to the accident was impaired (as well as other reasons not pertinent to this Motion), Defense Counsel consulted regarding various psychological issues with Nicole Kitei, Ph. D., and arranged for Dr. Kitei to briefly and informally asses Ms. Vigil's mental health status.  Although formal testing was not performed, Dr. Kitei advised Defense Counsel that Ms. Vigil appeared to be functioning relatively normally during the interview process, appeared to be of normal intelligence and did not appear impaired by mental disease or defect.

7. Other than continued reporting of memory loss, Defense Counsel has not detected other obvious signs of cognitive deficits during interactions with Ms. Vigil.  Nevertheless, in light of the documented concussive injury and related symptions, the Court may wish to make appropriate inquiry of Ms. Vigil as to her ability to understand the proceedings and to recall events during the course of any *Faretta* Hearing the Court may hold with respect to this Motion.

8. Ms. Vigil has further requested that Counsel inform the Court that if the Court does not grant her request to represent herself, that she requests the Court to appoint substitute defense counsel as she has a conflict with undersigned defense counsel.  Defense Counsel informed Ms. Vigil that the Court would need

3

more specific information in order to evaluate such a request.  Ms. Vigil authorized undersigned defense counsel to inform the Court that defense counsel is "not competent," has "blocked" her efforts to move her defense forward, and utilized a "threatening manner to sell (her) on a plea bargain."

9. In order to protect Ms. Vigil's interests, Defense Counsel will not respond to the allegations herein, but would request to defer the matter until any necessary *in camera* proceeding such that other parties would not be privy to the issues to be addressed.  Suffice it to say that a real conflict exists between counsel and client at the present time.

10. Should the Court wish to schedule a *Faretta* Hearing on this Motion relatively quickly, we would note that Defense Counsel if out of state from July 21 – 24, and has a number of matters already scheduled from July 28 – 31.  However, Counsel would be available any time on August 1, 5, 7, and 8 or anytime between August 12 – 15.

WHEREFORE, the undersigned respectfully requests that this Motion be granted, that Ms. Vigil be permitted to represent herself and that undersigned counsel be withdrawn as counsel for Ms. Vigil.

Respectfully submitted this 17th day of July, 2014.

Respectfully submitted,

JOHN S. TATUM, P.C.


s/ John S. Tatum
John S. Tatum
12351 East Cornell Avenue
Aurora, Colorado  80014
Telephone: (303) 750-6888
Facsimile: (303) 750-8279
Email:  john@johntatumlaw.com
Attorney for Defendant Mimi Vigil

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of July, 2014, a true and correct copy of **the foregoing DEFENDANT VIGIL'S  MOTION FOR SELF-REPRESENTATION BY DEFENDANT AND FOR WITHDRAWAL BY DEFENDANT'S PRESENT COUNSEL** was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Matthew T. Kirsch, Esq.
Martha A. Paluch, Esq.
Assistant United States Attorneys
matthew.kirsch@usdoj.gov
martha.paluch@usdoj.gov

Miller Leonard, Esq.
miller@themillerleonardlawfirm.com
Attorney for Clara M. Mueller

And via United States Mail, postage pre-paid, and via e-mail to the following:

George Thomas Brokaw, Pro Se
2260 Palm Drive
Colorado Springs, Colorado   80918
E-mail:  tombrokaw33@msn.com


John Joseph Vigil, Pro Se
C/O P.O. Box 75341
Colorado Springs, CO. 80970-5341
E-mail:  johnski9999@gmail.com

s/ Mary Unrein

5