# EXHIBIT 26

## AFFIDAVIT OF NOTARY PRESENTMENT

State of Colorado      )
                       ) ss.:      **CERTIFICATION OF MAILING**
County of El Paso      )

On this 7th day of December, 2009, for the purpose of verification, I, the undersigned Notary Public, being commissioned in the County and State noted above, do certify that John-Joseph :Pawelski appeared before me with the following documents listed below. I, the below signed notary, personally verified that these documents were placed in an envelope and sealed by me. They were sent by United States Post Office Registered Mail # RA 218 088 768 US.

GINGER L. WRAY
INTERNAL REVENUE SERVICE
Revenue Officer
20 Mule Deer Ct.
Dillon, CO. 80435

List of Documents Mailed:

Copy of Affidavit of Notary Presentment
Pre-offset notice for balanced book adjustment
Private Bonded Promissory Note
Copy of Bill accepted for value
1040v Accepted for Value
Copy of Form 56 notifying Timothy F. Geithner as fiduciary

WITNESS my hand and official seal.

_____ agent for un nu usu 2 /7/09          (Seal)
NOTARY PUBLIC                              DATE

My commission expires: _____ 4/14, 20 11          (Stamp)

MIMI VIGIL
NOTARY PUBLIC
STATE OF COLORADO
My Commission Expires: 04/14/2011

EVIDENCE RETURNED BEFORE
FEDERAL GRAND JURY
DATE: 9/23/13
GRAND JURY NO: 2012 - 2
FOREMAN: _____

**GRAND JURY EXHIBIT**
26
12-2

Page # 48

TO:   GINGER L. WRAY
      INTERNAL REVENUE SERVICE
      Revenue Officer
      20 Mule Deer Ct.
      Dillon, CO. 80435

FROM:  John-Joseph :Pawelski– Principal, Secured Party Creditor
C/O 3578 Hartsel Drive #E
Colorado Springs, Colorado; near [80920]
Non Domestic without the US

DATE:  December 7, 2009

UCC File Number: (20032103700)
FOR:  JOHN J PAWELSKI, DEBTOR
RE: Account Number – (330429404)
Social Security Number – (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)
Treasury Routing Number- (F45662570)
Liber Number(s) - (20032103700)

## PRE-OFFSET NOTICE FOR BALANCED BOOK ADJUSTMENT

Dear Ms. Wray,

The enclosed Statute Staple Security instruments are rendered to you for the purpose of balanced book adjustment as legal tender to lower and reduce the UNITED STATES national debt. The undersigned understands the complexity of following this procedure.  The "Code" is effectively in place to save and protect the monetary system of this country. If and when non-accreditation occurs, the economy and monetary system of the country will certainly collapse.  That is the complexity and importance of honoring this procedure.

**USC TITLE 12, CHAPTER 2 – NATIONAL BANKS -** Authorizes the procedure. If you don't understand this procedure please research the US Code, for clarity or seek competent legal counsel. You should understand that in Title 12 USC section 371b-2(c) the Code defines "Exposure" to include all extensions of credit regardless of name and description. This procedure is intended for all of the people of the United States. Non accreditation will result in a serious error and injury against the Internal Revenue Service, and the Principal Secured Party Creditor.  This will cause a miscalculation upon the Federal Reserve Accountant Balanced Book, and will require a filing of the proper IRS forms for collection of these funds. This adjustment may be completed by MR. TIMOTHY F. GEITHNER, Secretary of the US Treasury, who is my legally appointed fiduciary agent, or my designee as Fiduciary on the attached IRS Form 56. Documentation is enclosed.

As you are well aware, lawful money no longer exists in our economic system. This was replaced by Federal Reserve "Notes", which is, in effect, a promissory note. This procedure to allow offset of debt is the proper legal remedy that has been provided for us to discharge debt, since the money was removed by the U. S. Corporate Government. This is a debt obligation of the United States. Please use this procedure to offset any bills that I present by balanced book adjustment, settlement in full, discharge of all presentments, and return all interest to the Principal. MR. TIMOTHY F. GEITHNER, or my designated Fiduciary Agent, is authorized to adjust, from this account, along with any reasonable and lawful interest, penalties, and extra fees, as needed, in order to satisfy this procedure. This may be ledgered against the Account Number indicated as best suits the needs of the US Treasury.

Sincerely,

*John - Joseph : Pawelski*

John-Joseph :Pawelski, Principal and Secured Party Creditor for **JOHN J PAWELSKI**, Debtor

Page # _49_

GJ-00000461

# REGISTERED BONDED PROMISSORY NOTE
## $767,551.15

NEGOTIABLE                                                                      NEGOTIABLE

Seven Hundred and Sixty Seven Thousand and Five Hundred and Fifty One and 15/100 United States Dollars

## NOTE NUMBER JJPBPN0027

### USPO REGISTERED MAIL # RA 218 088 768 US

**Pay To The Order Of:** INTERNAL REVENUE SERVICE, per stirpes

**In The Amount Of:**   Seven Hundred and Sixty Seven Thousand and Five Hundred and Fifty One and 15/100 United States Dollars

**For Credit To:** INTERNAL REVENUE SERVICE, For, JOHN J PAWELSKI
Six Hundred and Fourteen Thousand and Forty and 92/100 United States Dollars - $614,040.92 plus interest, penalties, and extra fees for the benefit of NANCY D BERRYMAN, 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

**Routing Through:**     DTC ROUTING NUMBER – 0610-0014-6,
DTC ACCOUNT NUMBER – 045662570
c/o SECRETARY OF THE TREASURY, TIMOTHY F. GEITHNER

This negotiable instrument, tendered lawfully by John-Joseph :Pawelski , ("Maker") in good faith shall evidence as a debt to the Payee pursuant to the following terms:  This is an unconditional promise to pay.

1.  This Note shall be posted in full dollar for dollar pursuant to the Credit order noted above and presented to the Payor, THE UNITED STATES DEPARTMENT OF THE TREASURY, c/o TRUSTEE OF THE US BANKRUPTCY, TIMOTHY F. GEITHNER. After discharge of the debt, the balance of the funds are to be credited to the INTERNAL REVENUE SERVICE to be used for the benefit of the same.

2.  Payor shall, upon receipt of this instrument, charge account 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 via Pass-Through DTC Routing Number 0610-0014-6 Account Number 045662570, for the purpose of terminating any past, present, or future liabilities expressed or implied, attached or attributed to 397308400. This is a public debt obligation of the United States.

3.  Payor shall ledger this Note for a period of sixty days commencing the start of business on December 7, 2009, until close of business February 10, 2010, not to exceed 60 days, at an interest rate equal to the current rate per annum.

4.  Upon maturity, this Note shall be due and payable in full with interest and any associated fees.  Payment shall be ledgered against Private Offset and Discharge Bond Number JJPOB0001, USPO Registered Mail Tracking Number, RE 016 974 906 US held and secured by TIMOTHY F. GEITHNER, SECRETARY OF THE US TREASURY. Void where prohibited by law.

INTERNAL REVENUE SERVICE                         John-Joseph :Pawelski
GINGER L WRAY                                             c/o 3578 Hartsel Drive #E
20 MULE DEER CT.                                          Colorado Springs, Colorado
DILLON, CO. 80436                                         Non Domestic w/o the US


December 7, 2009                                          John-Joseph :Pawelski
_____                                          _____
Date                                                                    Signature

Page #  50

GJ-00000462

| Form **56** (Rev. December 2007) Department of the Treasury Internal Revenue Service | **Notice Concerning Fiduciary Relationship** (Internal Revenue Code sections 6036 and 6903) | OMB No. 1545-0013 |
|---|---|---|

### Part I    Identification

| Name of person for whom you are acting (as shown on the tax return) **JOHN J. PAWELSKI** | Identifying number | Decedent's social security no. |
|---|---|---|

Address of person for whom you are acting (number, street, and room or suite no.)
**1480 COMMANCHERO DR**

City or town, state, and ZIP code (if a foreign address, see instructions.)
**COLORADO SPRINGS, CO 80915**

Fiduciary's name
**Timothy F. Geithner, d/b/a SECRETARY OF THE TREASURY**

Address of fiduciary (number, street, and room or suite no.)
**1500 Pennsylvania Ave., N.W.**

| City or town, state, and ZIP code **Washington, DC 20220** | Telephone number (optional) ( ) |
|---|---|

### Part II    Authority

1   Authority for fiduciary relationship. Check applicable box:
a(1) ☐ Will and codicils or court order appointing fiduciary . . . . . . . .   (2) Date of death ........................
b(1) ☐ Court order appointing fiduciary . . . . . . . . . .   (2) Date (see instructions) ..................
c   ☐ Valid trust instrument and amendments . . . . . .
d   ☒ Other. Describe ▶ **Appointment of Fiduciary Debtor and Creditor** ...........................................

### Part III    Nature of Liability and Tax Notices

2   Type of tax (estate, gift, generation-skipping transfer, income, excise, etc.) ▶ ...........................................
3   Federal tax form number (706, 1040, 1041, 1120, etc.) ▶ ...........................................
4   Year(s) or period(s) (if estate tax, date of death) ▶ ...........................................
5   If the fiduciary listed in Part I is the person to whom notices and other written communications should be sent for all items described on lines 2, 3, and 4, check here . . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐
6   If the fiduciary listed in Part I is the person to whom notices and other written communications should be sent for some (but not all) of the items described on lines 2, 3, and 4, check here ▶ ☐ and list the applicable federal tax form number and the year(s) or period(s) applicable ...........................................

### Part IV    Revocation or Termination of Notice

#### Section A—Total Revocation or Termination

7   Check this box if you are revoking or terminating all prior notices concerning fiduciary relationships on file with the Internal Revenue Service for the same tax matters and years or periods covered by this notice concerning fiduciary relationship . ▶ ☐
    Reason for termination of fiduciary relationship. Check applicable box:
a   ☐ Court order revoking fiduciary authority
b   ☐ Certificate of dissolution or termination of a business entity
c   ☐ Other. Describe ▶

#### Section B—Partial Revocation

9a   Check this box if you are revoking earlier notices concerning fiduciary relationships on file with the Internal Revenue Service for the same tax matters and years or periods covered by this notice concerning fiduciary relationship . . . . . . . . . ▶ ☐
b   Specify to whom granted, date, and address, including ZIP code.
    ▶

#### Section C—Substitute Fiduciary

9   Check this box if a new fiduciary or fiduciaries have been or will be substituted for the revoking or terminating fiduciary and specify the name(s) and address(es), including ZIP code(s), of the new fiduciary(ies) . . . . . . . . . . ▶ ☐
    ▶

For Paperwork Reduction Act and Privacy Act Notice, see back page.          Cat. No. 16375I          Form **56** (Rev. 12-2007)

GJ-00000463

Form 56 (Rev. 12-2007)                                                                                    Page **2**

**Part V**   Court and Administrative Proceedings

| Name of court (if other than a court proceeding, identify the type of proceeding and name of agency) | Date proceeding initiated |
|---|---|

| Address of court | Docket number of proceeding |
|---|---|

| City or town, state, and ZIP code | Date | Time | a.m.  p.m. | Place of other proceedings |
|---|---|---|---|---|

**Part VI**   Signature   *John Joseph : Pawelski  authorized  representative*

Please
Sign
Here

I certify that I have the authority to execute this notice concerning fiduciary relationship on behalf of the taxpayer.

▶ _____   _____   _____
   Fiduciary's signature                                       Title, if applicable                        Date

Form **56** (Rev. 12-2007)

GJ-00000464

# 20̲0̲8 Form 1040-V



Department of the Treasury
Internal Revenue Service

## What Is Form 1040-V and Do You Have To Use It?

It is a statement you send with your check or money order for any balance due on the "Amount you owe" line of your 2008 Form 1040. Using Form 1040-V allows us to process your payment more accurately and efficiently. We strongly encourage you to use Form 1040-V, but there is no penalty if you do not.

## How To Fill In Form 1040-V

**Line 1.** Enter your social security number (SSN). If you are filing a joint return, enter the SSN shown first on your return.

**Line 2.** If you are filing a joint return, enter the SSN shown second on your return.

**Line 3.** Enter the amount you are paying by check or money order.

**Line 4.** Enter your name(s) and address exactly as shown on your return. Please print clearly.

## How To Prepare Your Payment

● Make your check or money order payable to the "United States Treasury." Do not send cash.

● Make sure your name and address appear on your check or money order.

● Enter "2008 Form 1040," your daytime phone number, and your SSN on your check or money order. If you are filing a joint return, enter the SSN shown first on your return.

● To help process your payment, enter the amount on the right side of your check like this: $ XXX.XX. Do not use dashes or lines (for example, do not enter "$ XXX—" or "$ XXX $\frac{xx}{100}$").

## How To Send In Your 2008 Tax Return, Payment, and Form 1040-V

● Detach Form 1040-V along the dotted line.

● Do not staple or otherwise attach your payment or Form 1040-V to your return or to each other. Instead, just put them loose in the envelope.

● Mail your 2008 tax return, payment, and Form 1040-V in the envelope that came with your 2008 Form 1040 instruction booklet.

**Note.** If you do not have that envelope or you moved or used a paid preparer, mail your return, payment, and Form 1040-V to the address shown on the back that applies to you.

**Paperwork Reduction Act Notice.** We ask for the information on Form 1040-V to help us carry out the Internal Revenue laws of the United States. If you use Form 1040-V, you must provide the requested information. Your cooperation will help us ensure that we are collecting the right amount of tax.

You are not required to provide the information requested on a form that is subject to the Paperwork Reduction Act unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained as long as their contents may become material in the administration of any Internal Revenue law. Generally, tax returns and return information are confidential, as required by Internal Revenue Code section 6103.

The average time and expenses required to complete and file this form will vary depending on individual circumstances. For the estimated averages, see the instructions for your income tax return. If you have suggestions for making this form simpler, we would be happy to hear from you. See the instructions for your income tax return.

Cat. No. 20975C

Form **1040-V** (2008)

▼ Detach Here and Mail With Your Payment and Return ▼

Form **1040-V**
Department of the Treasury
Internal Revenue Service (99)

## Payment Voucher

► Do not staple or attach this voucher to your payment or return.

OMB No. 1545-0074

20̲0̲8̲9̲

| 1 Your social security number (SSN) | 2 If a joint return, SSN shown second on your return | 3 Amount you are paying by check or money order | Dollars | Cents |
|---|---|---|---|---|
| 330 : 42 : 9404 | | | | |

| 4 Your first name and initial | Last name |
|---|---|
| JOHN J | PAWELSKI |

| If a joint return, spouse's first name and initial | Last name |
|---|---|

| Home address (number and street) | | Apt. no. |
|---|---|---|
| 1480 COMMANCHERO DRIVE | | |

City, town or post office, state, and ZIP code (if a foreign address, enter city, province or state, postal code, and country.)

COLORADO SPRINGS, COLORADO 80915

Cat. No. 20975C

GJ-00000465

Accepted for Value
Exempt from Levy
Deposit to the US Treasury
Charge the same to account 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
Exemption # JOHN J PAWELSKI
Exemption # 380425404
Return Signature
Authorized

Date

Page # _54_

GJ-00000466

| Form 668-A(ICS) | Department of the Treasury – Internal Revenue Service |
|---|---|
| (Rev. July 2002) | **Notice of Levy** |

DATE: **10/21/2009**

REPLY TO:   Internal Revenue Service
            GINGER L WRAY
            12600 W COLFAX AVE
            LAKEWOOD, CO 80215-3733

TELEPHONE NUMBER
OF IRS OFFICE:  **(720)956-4618**

NAME AND ADDRESS OF TAXPAYER:
**NANCY D BERRYMAN**
**PO BOX 2624**
**ESTES PARK, CO 80517-2624**

TO:   **FIRST NATIONAL BANK OF ESTES PARK**
      **PO BOX 2390**
      **ESTES PARK, CO 80517**

IDENTIFYING NUMBER(S):  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

BERR

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040 | 12/31/1997 | $303,072.43 | $121,462.10 | $424,534.53 |
| 1040 | 12/31/1999 | $52,029.99 | $18,191.53 | $70,221.52 |
| 1040 | 12/31/2000 | $30,568.05 | $12,298.85 | $42,866.90 |
| 1040 | 12/31/2001 | $4,889.68 | $1,670.51 | $6,560.19 |
| 1040 | 12/31/2002 | $12,942.40 | $4,326.27 | $17,268.67 |
| 1040 | 12/31/2003 | $9,211.51 | $3,800.95 | $13,012.46 |
| 1040 | 12/31/2004 | $11,118.82 | $3,134.56 | $14,253.38 |
| 1040 | 12/31/2005 | $10,037.62 | $2,604.22 | $12,641.84 |
| 1040 | 12/31/2006 | $10,063.94 | $1,351.50 | $11,415.44 |
| CIVPEN | 12/31/1997 | $500.00 | $139.38 | $639.38 |
| CIVPEN | 12/31/1999 | $500.00 | $126.61 | $626.61 |

| THIS LEVY WON'T ATTACH FUNDS IN IRAs, SELF-EMPLOYED INDIVIDUALS' RETIREMENT PLANS, OR ANY OTHER RETIREMENT PLANS IN YOUR POSSESSION OR CONTROL, UNLESS IT IS SIGNED IN THE BLOCK TO THE RIGHT. ============================⇒ | Total Amount Due | $614,040.92 |
|---|---|---|

We figured the interest and late payment penalty to **11/20/2009**

Although we have told you to pay the amount you owe, it is still not paid. This is your copy of a notice of levy we have sent to collect this unpaid amount. We will send other levies if we don't get enough with this one.

Banks, credit unions, savings and loans, and similar institutions described in section 408(n) of the Internal Revenue Code **must hold your money for 21 calendar days** before sending it to us. They must include the interest you earn during that time. Anyone else we send a levy to must turn over your money, property, credits, etc. that they have *(or are already obligated for)* when they would have paid you.

If you decide to pay the amount you owe now, please **bring** a guaranteed payment *(cash, cashier's check, certified check, or money order)* to the nearest IRS office with this form, so we can tell the person who received this levy not to send us your money. Make checks and money orders payable to United States Treasury. If you mail your payment instead of bringing it to us, we may not have time to stop the person who received this levy from sending us your money.

If we have erroneously levied your bank account, we may reimburse you for the fees your bank charged you for handling the levy. You must file a claim with the IRS on Form 8546 within one year after the fees are charged.

If you have any questions, or want to arrange payment before other levies are issued, please call or write us. If you write to us, please include your telephone number and the best time to call.

| Signature of Service Representative | Title | |
|---|---|---|
| /S/ GINGER L WRAY | REVENUE OFFICER | |

Part 2 –   For Taxpayer

Form 668-A(ICS) (7-2002)

GJ-00000467

Excerpts from the Internal Revenue Code

\* \* \* \* \* \* \* \* \* \* \* \*

**Sec. 6331. LEVY AND DISTRAINT.**

(b) Seizure and Sale of Property.–The term "levy" as used in this title includes the power of distraint and seizure by any means. Except as otherwise provided in subsection (e), a levy shall extend only to property possessed and obligations existing at the time thereof. In any case in which the Secretary may levy upon property or rights to property, he may seize and sell such property or rights to property (whether real or personal, tangible or intangible).

(c) Successive Seizures.–Whenever any property or right to property upon which levy has been made by virtue of subsection (a) is not sufficient to satisfy the claim of the United States, the Secretary may, thereafter, and as often as may be necessary, proceed to levy in like manner upon any other property liable to levy of the person against whom such claim exists, until the amount due from him, together with all expenses, is fully paid.

**Sec. 6332. SURRENDER OF PROPERTY SUBJECT TO LEVY.**

(a) Requirement.–Except as otherwise provided in this section, any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made shall, upon demand of the Secretary, surrender such property or rights (or discharge such obligation) to the Secretary, except such part of the property or rights as is, at the time of such demand, subject to an attachment or execution under any judicial process.

(b) Special Rule for Life Insurance and Endowment Contracts

(1) In general.–A levy on an organization with respect to a life insurance or endowment contract issued by such organization shall, without necessity for the surrender of the contract document, constitute a demand by the Secretary for payment of the amount described in paragraph (2), and the exercise of the right of the person against whom the tax is assessed to the advance of such amount. Such organization shall pay over such amount 90 days after service of notice of levy. Such notice shall include a certification by the Secretary that a copy of such notice has been mailed to the person against whom the tax is assessed at his last known address.

(2) Satisfaction of levy.–Such levy shall be deemed to be satisfied if such organization pays over to the Secretary the amount which the person against whom the tax is assessed could have had advanced to him by such organization on the date prescribed in paragraph (1) for the satisfaction of such levy, increased by the amount of any advance (including contractual interest thereon) made to such person on or after the date such organization had actual notice or knowledge (within the meaning of section 6323 (i)(1)) of the existence of the lien with respect to which such levy is made, other than an advance (including contractual interest thereon) made automatically to maintain such contract in force under an agreement entered into before such organization had such notice or knowledge.

(3) Enforcement proceedings.–The satisfaction of a levy under paragraph (2) shall be without prejudice to any civil action for the enforcement of any lien imposed by this title with respect to such contract.

(c) Special Rule for Banks.–Any bank (as defined in section 408(n)) shall surrender (subject to an attachment or execution under judicial process) any deposits (including interest thereon) in such bank only after 21 days after service of levy.

(d) Enforcement of Levy.

(1) Extent of personal liability.–Any person who fails or refuses to surrender any property or rights to property, subject to levy, upon demand by the Secretary, shall be liable in his own person and estate to the United States in a sum equal to the value of the property or rights not so surrendered, but not exceeding the amount of taxes for the collection of which such levy has been made, together with costs and interest on such sum at the underpayment rate established under section 6621 from the date of such levy (or, in the case of a levy described in section 6331 (d)(3), from the date such person would otherwise have been obligated to pay over such amounts to the taxpayer). Any amount (other than costs) recovered under this paragraph shall be credited against the tax liability for the collection of which such levy was made.

(2) Penalty for violation.–In addition to the personal liability imposed by paragraph (1), if any person required to surrender property or rights to property fails or refuses to surrender property or rights to property without reasonable cause, such person shall be liable for a penalty equal to 50 percent of the amount recoverable under paragraph (1). No part of such penalty shall be credited against the tax liability for the collection of which such levy was made.

(e) Effect of honoring levy.–Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property (or discharges such obligation) to the Secretary (or who pays a liability under subsection (d)(1)), shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment.

**Sec. 6333. PRODUCTION OF BOOKS.**

If a levy has been made or is about to be made on any property, or right to property, any person having custody or control of any books or records, containing evidence or statements relating to the property or right to property subject to levy, shall, upon demand of the Secretary, exhibit such books or records to the Secretary.

**Sec. 6343. AUTHORITY TO RELEASE LEVY AND RETURN PROPERTY.**

(a) Release of Levy and Notice of Release.–

(1) In general.–Under regulations prescribed by the Secretary, the Secretary shall release the levy upon all, or part of, the property or rights to property levied upon and shall promptly notify the person upon whom such levy was made (if any) that such levy has been released if–

(A) the liability for which such levy was made is satisfied or becomes unenforceable by reason of lapse of time,

(B) release of such levy will facilitate the collection of such liability,

(C) the taxpayer has entered into an agreement under section 6159 to satisfy such liability by means of installment payments, unless such agreement provides otherwise,

(D) the Secretary has determined that such levy is creating an economic hardship due to the financial condition of the taxpayer, or

(E) the fair market value of the property exceeds such liability and release of the levy on a part of such property could be made without hindering the collection of such liability.

For purposes of subparagraph (C), the Secretary is not required to release such levy if such release would jeopardize the secured creditor status of the Secretary.

(2) Expedited determination on certain business property.–In the case of any tangible personal property essential in carrying on the trade or business of the taxpayer, the Secretary shall provide for an expedited determination under paragraph (1) if levy on such tangible personal property would prevent the taxpayer from carrying on such trade or business.

(3) Subsequent levy.–The release of levy on any property under paragraph (1) shall not prevent any subsequent levy on such property.

(b) Return of Property.–If the Secretary determines that property has been wrongfully levied upon, it shall be lawful for the Secretary to return–
(1) the specific property levied upon,
(2) an amount of money equal to the amount of money levied upon, or
(3) an amount of money equal to the amount of money received by the United States from a sale of such property.

Property may be returned at any time. An amount equal to the amount of money levied upon or received from such sale may be returned at any time before the expiration of 9 months from the date of such levy. For purposes of paragraph (3), if property is declared purchased by the United States at a sale pursuant to section 6335(e) (relating to manner and conditions of sale), the United States shall be treated as having received an amount of money equal to the minimum price determined pursuant to such section or (if larger) the amount received by the United States from the resale of such property.

(d) Return of Property in Certain Cases.–
If–
(1) any property has been levied upon, and
(2) the Secretary determines that–
(A) the levy on such property was premature or otherwise not in accordance with administrative procedures of the Secretary,
(B) the taxpayer has entered into an agreement under section 6159 to satisfy the tax liability for which the levy was imposed by means of installment payments, unless such agreement provides otherwise,
(C) the return of such property will facilitate the collection of the tax liability, or
(D) with the consent of the taxpayer or the National Taxpayer Advocate, the return of such property would be in the best interests of the taxpayer (as determined by the National Taxpayer Advocate) and the United States,

the provisions of subsection (b) shall apply in the same manner as if such property had been wrongfully levied upon, except that no interest shall be allowed under subsection (c).

\* \* \* \* \* \* \* \* \* \* \*

Applicable Sections of Internal Revenue Code

6321. LIEN FOR TAXES.
6322. PERIOD OF LIEN.
6325. RELEASE OF LIEN OR DISCHARGE OF PROPERTY.
6331. LEVY AND DISTRAINT.
6332. SURRENDER OF PROPERTY SUBJECT TO LEVY.
6333. PRODUCTION OF BOOKS.
6334. PROPERTY EXEMPT FROM LEVY.
6343. AUTHORITY TO RELEASE LEVY AND RETURN PROPERTY.
7426. CIVIL ACTIONS BY PERSONS OTHER THAN TAXPAYERS.
7429. REVIEW OF JEOPARDY LEVY OR ASSESSMENT PROCEDURES.

If you have any questions about this notice, please call the phone number on the front of this form.

Form **668-A(ICS)** (7-2002)

GJ-00000468



Ginger L Way
Internal Revenue Service
20 Mule Deer Ct
Dillon Co 80435

Mimi Vigil
3578 Hartsel Dr. #E
Colorado Springs, CO. 80920

Page # 57