IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.   13-cr-00392-CMA-03

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. George Thomas Brokaw,
2. John J. Pawelski, and
3. **Mimi M. Vigil,**

    Defendants.

---

**GOVERNMENT'S SUPPLEMENTAL SENTENCING STATEMENT
RE: DEFENDANT MIMI M. VIGIL**

---

The government has no objection to the guideline calculations as set forth in the Presentence Report, Doc. 383, prepared in advance of the January 28, 2015 sentencing hearing for Defendant Mimi M. Vigil.   However, the government disagrees with the recommended sentence of 48 months in this case and will advocate for a 60-month sentence at the sentencing hearing.   It supplements its sentencing statement, Doc. 372, with the following arguments based on the sentencing factors set forth in Title 18, United States Code, Section 3553.

**Nature, Circumstances, and Seriousness of the Offense**

Defendant Vigil's criminal conduct that gave rise to her convictions spanned over four years, from March 2008 through April of 2012.   *See* Doc. 53 (First Superseding

1

Indictment) at ¶¶ 4, 19.   Defendant Vigil persisted in her efforts to collect a fraudulent refund even after she received repeated warnings from the IRS that her claim was frivolous and would result in sanctions if not withdrawn.   In addition, as noted by the probation officer, Defendant Vigil and her codefendants "harassed and attempted to intimidate government employees in their job functions.   This included the submission of claims and statements maintaining that these employees owed the defendants absurd amounts of money.   The defendant and her codefendants obstructed the investigation and their court case by continually claiming that the Court has no jurisdiction over their activities and conduct in this matter."   Presentence Report (PSR) at 19, ¶ 108. Defendant Vigil committed serious offenses over a long period of time, which warrants a significant sentence of imprisonment.   See 18 U.S.C. §§ 3553(a)(1) & (2)(A).

## Defendant Vigil's Failure to Accept Responsibility

Defendant Vigil refuses to accept any responsibility for her criminal conduct.   She claims "that she does not believe she did anything wrong as she merely witnessed signatures on documents in her capacity as a Notary Public."   PSR at 9, ¶ 38. Defendant Vigil claimed she "did not intentionally defraud anyone," and that the Form 1099 she filed "was completed by an accountant she hired; therefore, she is not responsible for the figures contained in such document."   Id.   She also claims that she "rescinded" her signatures from the documents at issue in this case and was "shocked" when she was charged and arrested.   Id.

Defendant Vigil's claims of innocence are completely refuted by the evidence admitted at trial.   First, she did much more than merely witness signatures on

documents: (1) she falsely claimed she was entitled to $372,169 from the IRS, and she was involved in Defendant Brokaw's submission for false claims for refund; and (2) she notarized and certified that she mailed obstructive documents for Defendants Brokaw and Pawelski, and she submitted numerous obstructive documents in her own name in an attempt to reduce her tax liability and the tax liability of others.   *See* Doc. 53 at ¶¶ 8, 9, 15, 23-35.   Given the extent of her involvement in both conspiracies of which she was convicted, her claim that she "did not intentionally defraud anyone," ignores the substantial evidence admitted at trial proving the opposite.

Defendant Vigil's claim that she is not responsible for the figures contained in the Form 1099 completed by an accountant, Mr. Morris, is also refuted by the evidence introduced at trial.   Mr. Morris sent an email to Defendant Vigil discussing the figures he intended to include in her Form 1040 return.   In an email response, Defendant Vigil asked questions about the numbers, and then stated, "I would love to get 220K back for 05!   Let's go with that for now and see what happens."   Gov't Ex. 99.   To now claim she has no responsibility for this tax return defies logic.

There is no evidence to support Defendant Vigil's self-serving statement that she "rescinded" her signatures on documents at issue in this case.   This statement also ignores Defendant Vigil's own filings and conduct, for example, insisting the IRS accept her 2005 tax return after being told this return was being rejected as frivolous.   Gov't Ex. 80.

Defendant Vigil's refusal to accept responsibility even extends to her bankruptcy filings.   She denied to the probation officer that she filed for bankruptcy when the court

3

documents confirm she filed for Chapter 13 bankruptcy protection on two occasions. PSR at 16, ¶ 85.

Finally, as the probation officer noted, "it is troubling that despite receiving no financial gain and despite receiving ample warning from the IRS that her continued involvement could prove detrimental, she continued to fully participate in the offense. Also troubling is her continued lack of acceptance of responsibility." PSR at R-3. Accordingly, "[r]espect for the law and deterrence to others are the significant concerns in this case." PSR at 19, ¶ 109.

For these reasons, and others set forth in its sentencing statement, Doc. 372, the government submits that a substantial prison sentence is warranted for this defendant. However, the government agrees with the probation officer that the intended loss amount of over $30 million dollars[1] in this case over-represents the seriousness of the impact of Defendant Vigil's conduct. PSR at R-3. Some of the documents submitted by the defendants, including, for example, Defendant Pawelski's false claims for refunds totaling over $22 million dollars and the $5.9 million fraudulent EFT submitted in connection with C.L.'s tax debt, Gov't Ex. 219, were so outrageous on their face that they were unlikely to succeed. Removing those patently outrageous claims from the loss calculation would reduce the offense level set forth in the Tax Table at § 2T4.1 by 4 levels, from level 28 (intended loss of more than $20 million) to a level 24 (intended loss of more than $2.5 million), and yield an adjusted offense level of 26. This results in a guideline range of

---

[1]The government disputes the probation officer's characterization of the loss amount as "mostly unintended." PSR at R-3. The defendants filed false claims for refund totaling $23,691,935 and attempted to avoid additional tax debt in the amount of at least $7,272,680.78. *See* Government's Sentencing Statement, Doc. 372 at 7. The government maintains that the entire $30 million was the loss amount intended by these defendants.

63-78 months, which seems more appropriate than the 97-120 months as calculated.

While the government agrees a variant sentence is warranted in this case, it disagrees that a 50% variance from the bottom of the applicable guideline range is appropriate. The probation officer states that the "recommended custodial sentence is lower than [Defendant Vigil's] codefendants and represents her reduced culpability in this offense." PSR at R-3. However, both the evidence admitted at trial and the defendant's disrespectful attitude during trial demonstrate that she was not significantly less culpable than her codefendants. Instead, the trial evidence established Defendant Vigil's involvement in every aspect of the two conspiracies of which she was convicted. A possible distinction between this defendant's culpability and that of her codefendants is her apparently reduced role in the organization of meetings and dissemination of information to the tax protestor group. A 60-month sentence would take into account this distinction and is sufficient but not greater than necessary to achieve the sentencing objectives set forth in 18 U.S.C. § 3553(a). A 60-month sentence will reflect the seriousness of this offense, promote respect for the law, provide just punishment, and adequate deterrence to this defendant and others considering engaging in such conduct.

### Additional Special Conditions of Supervised Release

In addition to the special conditions of supervised release recommended by the probation officer, the government requests that the Court impose the following additional special condition:

- The defendant shall provide to the probation officer copies of all correspondence the defendant mails or causes to be mailed to the

Colorado Department of Revenue, the Internal Revenue Service, and the Department of Treasury.

The government asserts this condition is necessary to ensure that the defendant does not continue to engage in the same type of conduct that led to her convictions in this case, *i.e.,* submitting fraudulent, obstructive, and threatening documents to these agencies and its employees.

Respectfully submitted this 12th day of January, 2015.

JOHN F. WALSH
United States Attorney


s/ Matthew T. Kirsch
MATTHEW T. KIRSCH
MARTHA A. PALUCH
Assistant U.S. Attorneys
1225 17th Street, Suite 700
Denver, CO 80202
Telephone 303-454-0100
Facsimile 303-454-0402
Email:  matthew.kirsch@usdoj.gov
          martha.paluch@usdoj.gov

## CERTIFICATE OF SERVICE

       I hereby certify that on this 12th day of January, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. I also emailed the foregoing to the following e-mail addresses:

Mimi M. Vigil
rubyred5050@gmail.com

George Thomas Brokaw, Pro Se
Tombrokaw33@msn.com

John J. Pawelski, Pro Se
Johnski9999@gmail.com


                                            *s/ Dee Boucher*
                                            United States Attorney's Office