# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Action No. 13-cr-00392-CMA

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

1. **GEORGE THOMAS BROKAW,**
2. **JOHN J. PAWELSKI, and**
3. **MIMI M. VIGIL,**

**Defendants.**

_____

## REPORTER'S TRANSCRIPT
## (Jury Trial - Day 5)
_____

Proceedings before the HONORABLE CHRISTINE M. ARGUELLO, Judge, United States District Court, for the District of Colorado, commencing at 9:59 a.m. on the 7th day of November, 2014, Alfred A. Arraj United States Courthouse, Denver, Colorado.

### A P P E A R A N C E S

**FOR THE PLAINTIFF:**
MATTHEW T. KIRSCH and MARTHA A. PALUCH, U.S. Attorney's Office - Denver, 1225 17th St., Suite 700, Denver, CO 80202

**FOR DEFENDANT BROKAW:**
Pro Se.
**FOR DEFENDANT PAWELSKI:**
Pro Se.
**FOR DEFENDANT VIGIL:**
Pro Se.

```
 1                    NOVEMBER 7, 2014
 2            (Proceedings commence at 9:59 a.m.)
 3            (The following is had in open court, outside the
 4   hearing and presence of the jury.)
 5            THE COURT:  You may be seated.
 6            All right.  The Court has been informed by a note
 7   from the jury that they have reached a verdict.
 8            Ms. Hartmann, would you please bring the jury in.
 9            Do the defendants not intend to sit at the table?
10            DEFENDANT PAWELSKI:  I would rather sit here.
11            THE COURT:  All right.
12            (The following is had in open court, in the hearing
13   and presence of the jury.)
14            THE COURT:  All right.  You may be seated.
15            I have been informed by a note from the jury that
16   it has reached a verdict in this case.  Would the jury
17   foreperson please stand.
18            All right.  Sir, has the jury reached unanimous
19   verdicts concerning all changes against each of the
20   defendants in this case?
21            JURY FORPERSON:  Yes.
22            THE COURT:  Have you signed the verdict form?
23            JURY FOREPERSON:  Yes.
24            THE COURT:  All right.  Would you please hand the
25   verdict form to one of the Court Security Officers here.
```

1    Thank you.  You may be seated.
2            All right.  I will now read the verdict.
3            Verdict Form Count 1:  We the jury unanimously find
4    the defendant, George Thomas Brokaw, guilty of the charge
5    in Count 1 of the First Superseding Indictment.
6            We the jury unanimously find the defendant, John J.
7    Pawelski, guilty of the charge in Count 1 of the First
8    Superseding Indictment.
9            We the jury unanimously find the defendant, Mimi M.
10   Vigil, guilty of the charge to Count 1 of the First
11   Superseding Indictment.
12           Count 2:  We the jury unanimously find the
13   defendant, George Thomas Brokaw, guilty of the charge in
14   Count 2 of the First Superseding Indictment.
15           Count 3:  We the jury unanimously find the
16   defendant, George Thomas Brokaw, guilty of the charge in
17   Count 3 of the First Superseding Indictment.
18           Count 4:  We the jury unanimously find the
19   defendant, George Thomas Brokaw, guilty of the charge in
20   Count 4 of the First Superseding Indictment.
21           Count 5:  We the jury unanimously find the
22   defendant, George Thomas Brokaw, guilty of the charge in
23   Count 5 of the First Superseding Indictment.
24           Count 6:  We are jury unanimous find defendant,
25   George Thomas Brokaw, guilty of the charge in Count 6 of

1  the First Superseding Indictment.
2          Count 7:  We the jury unanimous find the defendant,
3  George Thomas Brokaw, guilty of the charge in Count 7 of
4  the First Superseding Indictment.
5          Count 8:  We the jury unanimously find the
6  defendant, John J. Pawelski, guilty of the charge in Count
7  8 of the First Superseding Indictment.
8          Count 9:  We the jury unanimously find the
9  defendant, John J. Pawelski, guilty of the charge in Count
10 9 of the First Superseding Indictment.
11         Count 10:  We the jury unanimously find the
12 defendant, John J. Pawelski, guilty of the charge in Count
13 10 of the First Superseding Indictment.
14         Count 11:  We the jury unanimously find the
15 defendant, John J. Pawelski, guilty of the charge in Count
16 11 of the First Superseding Indictment.
17         Count 12:  We the jury unanimously find the
18 defendant, Mimi M. Vigil, guilty of the charge in Count 12
19 of the First Superseding Indictment.
20         Count 14:  We the jury unanimously find the
21 defendant, George Thomas Brokaw, guilty of the charge in
22 Count 14 of the First Superseding Indictment.
23         We the jury unanimously find the defendant, John J.
24 Pawelski, guilty of the charge in Count 14 of the First
25 Superseding Indictment.

1        We the jury unanimously find the defendant, Mimi M.
2   Vigil, guilty of the charge in Count 14 of the First
3   Superseding Indictment.
4        Count 15:  We the jury unanimously find the
5   defendant, George Thomas Brokaw, guilty of the charge in
6   Count 15 of the First Superseding Indictment.
7        Count 16:  We the jury unanimously find the
8   defendant, John J. Pawelski, guilty of the count charged
9   in Count 16 of the First Superseding Indictment.
10       Count 17:  We the jury unanimously find the
11  defendant, Mimi M. Vigil, guilty of the charge in Count 17
12  of the First Superseding Indictment.
13       Do the defendants or the Government wish the Court
14  to poll the jurors individually to verify and confirm the
15  validity and unanimity of the verdict?
16       MR. KIRSCH:  We would ask for the Court to do that,
17  please, Your Honor.
18       THE COURT:  All right.  I will just call you by the
19  number and then seat name.
20       Juror No. 463, Seat No. 1, is this your verdict?
21       JUROR:  Yes, it is.
22       THE COURT:  Juror 488, in Seat No. 2, is this your
23  verdict?
24       JUROR:  Yes, it is.
25       THE COURT:  Juror 895, in Seat No. 3, is this your

1    verdict?

2           JUROR:  Yes.

3           THE COURT:  Juror 124, in Seat No. 4, is this your

4    verdict?

5           JUROR:  Yes, it is.

6           THE COURT:  Juror No. 433, in Seat No. 6, is this

7    your verdict?

8           JUROR:  Yes, it is.

9           THE COURT:  Juror No. 432, in Seat No. 7, is this

10   your verdict?

11          JUROR:  Yes, it is.

12          THE COURT:  Juror 882, in Seat No. 9, is this your

13   verdict?

14          JUROR:  Yes, it is.

15          THE COURT:  Juror No. 889, in Seat No. 10, is this

16   your verdict?

17          JUROR:  Yes, it is.

18          THE COURT:  Juror No. 367, in Seat 11, is this your

19   verdict?

20          JUROR:  Yes, it is.

21          THE COURT:  Juror No. 152, in Seat No. 12, is this

22   your verdict?

23          JUROR:  Yes.

24          THE COURT:  Juror No. 107, in Seat No. 13, is this

25   your verdict?

1          JUROR:  Yes.

2          THE COURT:  Juror No. 418, in Seat No. 14, is this

3  your verdict?

4          JUROR:  Yes, it is.

5          THE COURT:  All right.  Thank you very much, ladies

6  and gentlemen.  You have now concluded your duties as

7  jurors in this case, and it is with the thanks of the

8  Court and of the parties.  The question usually arises now

9  whether you can talk about this case, and the answer is

10 you can talk to anybody you wish to about this case now,

11 but you don't have to talk to anybody about this case.

12         The parties or representatives of the parties are

13 not allowed to contact you.  So if you get a contact from

14 them and you do not wish to speak with them, you just need

15 to tell them that if they continue to bother you, then you

16 need to let the Court know, and I will take care of that.

17         If you wish to talk to them, that is totally within

18 your decision.  If they contact you, that would be in

19 violation of my order because they can't contact you.

20         If anybody does persist in attempting to talking to

21 you about this case over your objection, then just let me

22 know and I will handle that, as well.

23         I thank you very much for your service.  And I do

24 need to take care of some preliminary matters with the

25 parties, but I do like to thank you personally.  So if you

1   are not in a rush, I would ask if you could wait about 5
2   minutes, and I will be back to thank you personally, and
3   also that is the opportunity -- we made you sit here and
4   not ask any questions.  If you have any questions of me
5   that I can answer -- some questions I will not be able
6   to -- I will be more than glad to take your questions at
7   that time.
8           So thank you very much, ladies and gentlemen.  The
9   jury is excused.
10          (The following is had in open court, outside the
11  hearing and presence of the jury.)
12          THE COURT:  All right.  At this time the defendants
13  are referred to the probation department for a presentence
14  investigation report.
15          Will the probation officer who is present please
16  identify himself for the record.
17          PROBATION OFFICER:  Darren Streich.  Good morning,
18  Your Honor.
19          THE COURT:  Good morning.  Officer Streich, will
20  you be the officer conducting this investigation?
21          PROBATION OFFICER:  It is uncertain at this point.
22  They have not been assigned, Your Honor.
23          THE COURT:  So we will then put it into your hands,
24  and I will allow the probation officer to determine who
25  will conduct this investigation.

1          They are to conduct a presentence investigation and
2    submit a presentence report as required by Federal Rule of
3    Criminal Procedure 32.
4          Ms. Hartmann, do we have some dates for sentencing?
5          COURTROOM DEPUTY:  How long will we need for
6    sentencing, Your Honor?
7          THE COURT:  I think probably the usual 12 weeks
8    would be sufficient; is that correct, Officer Streich, or
9    with three defendants do we need more time?
10         PROBATION OFFICER:  12 weeks.
11         THE COURT:  So 12 weeks is what we are normally
12   setting at.
13         COURTROOM DEPUTY:  Then looking at the end January,
14   Your Honor.  We have an opening in the afternoon on
15   January 25th at 3:30.
16         THE COURT:  All right.  So sentencing in this
17   matter will be set for January 25th at 3:30 p.m.
18         MR. KIRSCH:  Can I ask which day that is, Your
19   Honor?
20         COURTROOM DEPUTY:  It is a Wednesday.
21         MR. KIRSCH:  Thank you, Your Honor.  That would be
22   fine.
23         THE COURT:  All right.  The defendants are ordered
24   to appear on that date and time with without further order
25   or notice of this Court.

1               If there are any sentencing positions, including

2      motions for variant sentence, those must be filed at least

3      14 days before the sentencing date.  Any responses or

4      objections to those must be filed at least 7 days before

5      that sentencing date.  Any post-trial motions are to be

6      submitted in accordance with the Federal Rules of Criminal

7      Procedure.

8               And, Mr. Kirsch, what is the Government's position

9      with respect to whether the defendants should be allowed

10     to remain free pending trial on their bonds or remanded?

11              MR. KIRSCH:  Your Honor, we are requesting remand

12     based on the presumption in Section 3143(a), based on the

13     defendants' demonstrated lack of acknowledgment of the

14     Court's authority and the Court's jurisdiction over the

15     course of the proceedings, and also based upon the fact

16     that when one of the prior associates of at least two of

17     the defendants; Mr. Brokaw and Mr. Pawelski, the person I

18     am referring to is Ronald Hoodenpyle, Mr. Hoodenpyle was

19     ordered to surrender for service of sentence in his

20     original case, he did not do that, and had, instead,

21     absconded.

22              At the time he was arrested, he was arrested at a

23     cabin near Grand Lake, Colorado, and Mr. Brokaw and

24     Mr. Pawelski were both present with Mr. Hoodenpyle at that

25     time while he was a fugitive.  Mr. Hoodenpyle, the Court

1   may notice, was also listed as a witness or surety on some

2   of the documents which we introduced during this trial.

3              Based on all of those factors, we are asking for

4   remand of all three defendants.

5              THE COURT:  All right.  Mr. Pawelski?

6              DEFENDANT PAWELSKI:  Ma'am, I take exception to

7   that.  Mr. Hoodenpyle was at that cabin, and he had told

8   us he was bonded out.  We did not know that he was a

9   fugitive, otherwise we would have called the authorities.

10             I am not planning on going anywhere.  Mr. Brokaw,

11  Ms. Vigil are not planning to go anywhere.  We have roots

12  in this community.  We have been here a long time.  I have

13  a lovely, lovely woman I am planning on marrying, and I

14  believe that the future with the appeals court, that I

15  have already put the writ of mandamus in which you have,

16  and the upcoming Supreme Court suit will resolve this

17  issue.

18             I would be -- I would be unable to provide you with

19  that information should I be in some type of custody.  I

20  will guarantee you that I will not leave.  I have not done

21  anything within this court procedure that you and I have

22  not agreed to.  And I will continue holding that word to

23  myself and you.

24             THE COURT:  All right.

25             DEFENDANT PAWELSKI:  Thank you.

1          THE COURT:  Mr. Brokaw?

2          DEFENDANT BROKAW:  Yes, our appearance at all of

3     the required times here, this procedure has been going on

4     for over a year now.  We have not attempted to violate any

5     rules of probation or anything up to this point, and there

6     is no way I am going to try to abscond anywhere.  I have

7     roots in the community.  I volunteer.  I have church

8     connections.  I have family.  And there is absolutely no

9     flight risk.  There is no reason to think we won't be here

10    at any appointed time.

11         THE COURT:  All right.  Ms. Vigil, do you wish to

12    make any statement?

13         DEFENDANT VIGIL:  Yes.  At this point and in the

14    past I have not done anything with probation.  I have

15    followed everything that has been asked of me.  I have

16    been here.  I have no reason to leave the state, the city,

17    or the country or anything.  I will be here on the 25th.

18         THE COURT:  All right. Well, Title 18 United

19    States Code Section 3143 does provide that the Court shall

20    order that a person who has been found guilty of an

21    offense and who was awaiting imposition of a sentence be

22    detained unless the Court finds by clear and convincing

23    evidence that the person is not likely to flee or pose a

24    danger to the safety of any other person or the community

25    if released under 3142(b-c).

1        I am not concerned about any danger to the safety

2   of any person, but I do have some concerns about the

3   likelihood that they would flee or not appear in court,

4   considering that they have refused to recognize the

5   jurisdiction of this Court, and the fact that they may be

6   facing -- most likely will be facing a sentence of

7   imprisonment.

8        The bond conditions as they now stand, the Court

9   does not believe reasonably assures that they will not

10  flee.  I believe that a new detention hearing by the duty

11  magistrate judge, who is Magistrate Tafoya, should be

12  conducted in order to comply with 18 United States Code

13  Section 3142.  And, in this regard, I earlier informed

14  Magistrate Judge Tafoya that depending upon the jury's

15  verdict, if there was a verdict of guilt, that she needed

16  to be prepared to conduct a detention hearing for all

17  three defendants.

18       So she is awaiting them to come down.  The Court

19  does remand the defendants to the custody of the U.S.

20  Marshals and request that the Marshals deliver the

21  defendants to Magistrate Judge Tafoya's courtroom for

22  those detention hearings.

23       Anything further?

24       MR. KIRSCH:  Your Honor.  Can we just confirm the

25  date.  We heard the 25th of January.

813

1        COURTROOM DEPUTY:  It is the 28th of January at

2   3:30.

3        THE COURT:  The 28th.

4        COURTROOM DEPUTY:  So the 28th that the defendants

5   are to appear.  So at this point I will remand the

6   defendants to the custody of the U.S. Marshal to be taken

7   down to the magistrate.

8        Court will be in recess.

9        (Proceedings conclude at 10:15 a.m.)

10

11        **R E P O R T E R ' S   C E R T I F I C A T E**

12

13        I, Darlene M. Martinez, Official Certified

14   Shorthand Reporter for the United States District Court,

15   District of Colorado, do hereby certify that the foregoing

16   is a true and accurate transcript of the proceedings had

17   as taken stenographically by me at the time and place

18   aforementioned.

19

20        Dated this <u>7th</u> day of <u>February</u>, 2015.

21

22        _____

23        s/Darlene M. Martinez

24        RMR, CRR

25