1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 13-cr-0392-CMA-3

UNITED STATES OF AMERICA,

Plaintiff,

vs.

MIMI M. VIGIL,

Defendant.

-----------------------------------------------------------------

REPORTER'S TRANSCRIPT
(Sentencing)

-----------------------------------------------------------------

Proceedings before the HONORABLE CHRISTINE M. ARGUELLO, Judge, United States District Court for the District of Colorado, commencing at 4:24 p.m., on the 10th day of February, 2014, in Courtroom A602, United States Courthouse, Denver, Colorado.

APPEARANCES

   MATTHEW KIRSCH and MARTHA A. PALUCH, Assistant U.S. Attorneys, 1225 17th Street, Suite 700, Denver, Colorado 80202, appearing for the plaintiff.

   MIMI M. VIGIL, Appearing Pro Se.

MARY J. GEORGE, FCRR, CRR, RMR
901 19th Street, Denver, Colorado 80294
Proceedings Reported by Mechanical Stenography
Transcription Produced via Computer

```
 1                     P R O C E E D I N G S
 2           (Call to order of the court at 4:24 p.m.)
 3           THE COURT:  Court calls criminal case No. 13 cr
 4   002393 CMA-3, encaptioned United States of America versus
 5   Mimi M. Vigil.  Would the Government please enter its
 6   appearance.
 7           MR. KIRSCH:  Thank you, Your Honor.  Matthew
 8   Kirsch and Martha Paluch from the United States, along with
 9   IRS Agent Adam Rogkowski.
10           THE COURT:  Thank you.  Ms. Vigil, do you wish to
11   enter your own appearance or do you wish me to do it for
12   you?
13           THE DEFENDANT:  Mimi Vigil entered the court.
14   That's me.
15           THE COURT:  All right.  For the record, the Court
16   also notes that officers Gary Bernie and Robert Ford
17   representing the United States Probation Office also in
18   attendance at this hearing.  Good afternoon.
19           PROBATION OFFICER:  Good afternoon, Your Honor.
20           PROBATION OFFICER:  Good afternoon, Your Honor.
21           THE COURT:  All right.  This hearing was
22   originally scheduled for 3:30 on January 27th, 2015, but
23   Ms. Vigil, who was free on bond, failed to appear as
24   ordered by the Court after her conviction on November 11th,
25   2014.
```

1      The Court ordered that a warrant for her arrest be
2 issued, and the marshal arrested her and brought her in for
3 sentencing on January 28th, 2015.
4      At that hearing, Ms. Vigil became extremely
5 disruptive and refused to comply with the Court's
6 directives.  As a result, her bond was revoked and she was
7 ordered removed from the courtroom and this hearing was
8 continued to today.
9      The record shows that after a five-day jury trial,
10 on November 11th, 2014, Ms. Vigil was found guilty and was
11 convicted of one count of conspiracy to file false claims
12 for refund, one count of false claims for refund, one count
13 of conspiracy to corruptly endeavor to obstruct or impede
14 the due administration of the IRS laws, and one count of
15 corruptly endeavoring to obstruct or impede the due
16 administration of the IRS laws.
17      I have received and reviewed the full presentence
18 investigation report dated December 24th, 2014, as revised
19 on January 13th, 2015, including all addenda thereto.  I
20 also reviewed document No. 387, which is the defendant's
21 objections to the presentence report, document No. 372, the
22 Government's sentencing statement, and document No. 386,
23 the Government's supplemental sentencing statement.
24      The Court has previously stricken -- well, no, in
25 this case I don't believe I did.  The Court does strike

1    documents No. 395, 394, and 398, as filings which are
2    irrelevant to this case.  The Court also strikes document
3    No. 399, which purports to be a writ of habeas corpus.  It
4    is stricken as an inappropriate filing in this case.
5         On February 2d, 2015, the defendant was provided
6    with a printed copy of her presentence investigation
7    report, recommendation, and addendum by United States
8    probation officer, Gary Burney, at the Clear Creek County
9    Jail in Georgetown, Colorado.
10         Ms. Vigil, did you review the presentence report?
11         THE DEFENDANT:  Yes, I did, and I do not consent
12   to any of this.
13         THE COURT:  All right.  Did you understand the
14   contents of that report?
15         THE DEFENDANT:  I reviewed it.  I do not consent
16   to any part of it.
17         THE COURT:  All right.  I have read document No.
18   387, the defendant's objections to the presentence report,
19   which assert that the probation officer used the wrong
20   statute because it used Title 18, which she contends is
21   unconstitutional.  These are the same types of arguments
22   regarding the legality of the power of the Government to
23   bring this case and the power of this Court to hear it.
24         Those objections are overruled as patently
25   frivolous and legally meritless.  Ms. Vigil, I understand

1     that you don't consent to any of the presentence report,
2     but do you have any specific objections that you wish to
3     make?
4             THE DEFENDANT:  I don't consent to any jail time,
5     I don't consent to any probation time, I don't consent to
6     any of it.
7             THE COURT:  All right.  Does the Government wish
8     to make any objections?
9             MR. KIRSCH:  No.  Thank you, Your Honor.
10            THE COURT:  All right.  The total offense level in
11    this case is 30, the defendant's Criminal History Category
12    is I, this results in an advisory imprisonment range of 97
13    to 120 months of imprisonment on Count 1, 60 months on
14    Counts 12 and 14, and 36 months on Count 16, with one to
15    three years being the supervised release range, and a fine
16    in the range of 15,000 to $150,000.
17            Although there were no motions for a downward
18    departure or variant sentence, the probation officer has
19    recommended that the Court downward vary to a sentence of
20    48 months of imprisonment.  The Government objected to that
21    request and I will hear more from Mr. Kirsch in just a
22    minute.
23            As part of my protocol for determining whether the
24    advisory guideline range has recommended a sentencing range
25    that is sufficient but not greater than necessary to

1      achieve the objectives of sentencing as set forth in 18
2      United States Code Section 3553, I have reviewed the
3      presentence report and considered the sentencing guidelines
4      and the factors set forth at 3553 of Title 18.
5              This defendant is before the Court for her first
6      criminal conviction.  And with the exception of her
7      activities against the Internal Revenue Service and other
8      related governmental agencies, it appears that she's led a
9      law-abiding lifestyle.  It's troubling -- although she
10     doesn't pose -- appear to pose community safety concerns,
11     it is troubling that despite receiving no financial gain
12     and despite receiving ample warning from the IRS that her
13     continued involvement could prove detrimental, she
14     continued to fully participate in this offense.  And it's
15     also troubling to this Court that she continues to take any
16     acceptance of responsibility for her conduct in this case.
17             She conspired with the other two defendants to
18     file false documents and claims with the Internal Revenue
19     Service.  She and others attempted to intimidate
20     investigators and other governmental officials involved in
21     the case.  And despite considerable attempts to obtain
22     money from the Internal Revenue Service to which she was
23     not entitled, she and her codefendants never were
24     successful in receiving those funds.
25             The probation officer believes that because

7

1     Ms. Vigil was unsuccessful in receiving any illegitimate
2     refunds, and she actually played a lesser role in that she
3     didn't actually submit those, she just verified the
4     signatures, that the guideline loss amount of $30 million
5     overstates the impact of her conduct.
6          The Court, as it was with the other two
7     defendants, is concerned about several factors.  First,
8     Ms. Vigil's criminal conduct that gave rise to her
9     convictions span more than four years, from March 2008 to
10    April of 2012.  She persisted in her efforts to help the
11    defendants collect a fraudulent refund even after she
12    received repeated warnings from the IRS that these claims
13    were frivolous.
14         She helped the codefendants harass and attempt to
15    intimidate Government employees in their job functions,
16    including submitting claims and statements maintaining that
17    these employees owed the codefendants absurd amounts of
18    money.
19         She refuses to accept any responsibility for her
20    criminal conduct.  She claims that, quote, She does not
21    believe she did anything wrong as she merely witnessed
22    signatures on documents in her capacity as a notary public,
23    end quote.
24         She further claims that she, quote, did not
25    intentionally defraud anyone, end quote.  And that the form

```
 1    1099 she filed, quote, was completed by an accountant she
 2    hired, therefore she is not responsible for the figures
 3    contained in such document, end quote.
 4             She also claims that she rescinded her signatures
 5    from the documents at issue in this case and was shocked
 6    when she was charged and arrested.  In addition, she
 7    continued, at the last hearing -- or at the first
 8    sentencing hearing, she chose to disregard the orders of
 9    this Court to appear for her sentencing.  She was arrested.
10    And during that hearing she was disruptive and refused to
11    obey any directives from this Court.  The Court is glad to
12    see that she is being much more respectful today.
13             The Government notes that Ms. Vigil's claims of
14    innocence are completely refuted by the evidence submitted
15    at trial because she did much more than merely witness
16    signatures on documents, she falsely claimed she was
17    entitled to $372,169 from the IRS, and she was involved in
18    defendant Brokaw's submission for false claims for refund.
19             And, two, she notarized and certified that she
20    mailed obstructed documents for defendants Brokaw and
21    Pawelski, and she submitted numerous obstructive documents
22    in her own name in an attempt to reduce her tax liability
23    and the tax liability of others.
24             Defendant Vigil claims that she is not responsible
25    for the figures contained in the form 1099 because it was
```

1   completed by an accountant, Mr. Morris.  But that is also
2   refuted by the evidence introduced at trial.  Mr. Morris
3   sent an e-mail to defendant Vigil discussing the figures he
4   intended to include in her form 1040 return.  In an e-mail
5   response, defendant Vigil asked questions about the numbers
6   and then stated, quote, I would love to get 220,000 back
7   for '05.  Let's go with that for now and see what happens,
8   end quote.  That was in Government's Exhibit 99.
9         There is no evidence to support defendant Vigil's
10  self-serving statement that she rescinded her signatures on
11  documents at issue in this case.  That statement also
12  ignores defendant Vigil's own filings and conduct, for
13  example, insisting the IRS accept her 2005 tax return after
14  being told this return was being rejected as frivolous.
15        Ms. Vigil's refusal to accept responsibility
16  extends to her bankruptcy filings.  She denied to the
17  probation officer that she filed for bankruptcy when the
18  court documents confirm she filed for Chapter 13 bankruptcy
19  protection on two occasions.
20        The variance recommended by the probation officer
21  is a 50 percent variance from the bottom of the applicable
22  guideline range.  The probation officer states that the
23  recommended custodial sentence is lower for Ms. Vigil than
24  her codefendants because she has a reduced culpability in
25  this offense; however, both the evidence admitted at trial

1     and the defendant's disrespectful attitude during trial and
2     in the first sentencing hearing demonstrates that she was
3     not significantly less culpable than her codefendants.  The
4     trial evidence established that her involvement in every
5     aspect of the two conspiracies of which she -- established
6     her involvement in every aspect of the two conspiracies of
7     which she was convicted, and the only distinction between
8     this defendant's culpability and that of her codefendant's
9     is her apparently reduced role in the organization of
10    meetings and dissemination of information to the tax
11    protester group.
12             That being said, the Court does agree, as it did
13    with the codefendants, that the intent of the loss amount
14    of more than $30 million in this case does overrepresent
15    the seriousness of the impact of the defendant's conduct.
16    And the Court believes that in this particular case, as
17    with the codefendants, that the Court should remove those
18    claims that were patently outrageous of 22 million and 5.9
19    million in fraudulent EFTs from this loss calculation would
20    be appropriate.  That would reduce the offense level set
21    forth in the tax table at United States Sentencing
22    Guidelines Section 2T4.1 by four levels, from a level 28 to
23    a level 24, and would yield an adjusted offense level of
24    26.  This results in a guideline -- advisory guideline
25    range of 63 to 78 months, which does seem more appropriate

1   than the 97 to 120 months as calculated.

2             At this point, the Court does not know where
3   within that range it should sentence Ms. Vigil.  The other
4   two defendants were sentenced at the high end of that
5   range.  The Court is looking at probably sentencing
6   Ms. Vigil at the bottom of that advisory guideline range,
7   but I have not yet determined where I will sentence her.

8             That being said, Mr. Kirsch, I'll hear any further
9   argument from the Government.

10            MR. KIRSCH:  Thank you, Your Honor.

11            Your Honor, the Government doesn't object to the
12  Court's use of the lower guideline range, particularly
13  given the Court's use of that guideline range for the other
14  two defendants.  The Government believes it would be
15  appropriate for the Court to apply the same range to
16  Ms. Vigil.

17            The Government's suggestion, however, is that the
18  bottom of that range does not represent the appropriate
19  sentence for Ms. Vigil.  While the Government acknowledges
20  that Ms. Vigil filed only one fraudulent refund claim in
21  her own name in contrast to the multiple claims filed by
22  Mr. Brokaw and Mr. Pawelski, some of the evidence that the
23  Court's already recited indicates that she was both aware
24  of and assisting at least Mr. Brokaw with his claims and
25  was almost certainly aware of Mr. Pawelski's claims.

1          She was, during the course of the obstruction
2    conspiracy, one of the people who was actively
3    disseminating information about various fraudulent payment
4    devices that people could use.  The Court will probably
5    remember the e-mail from Ms. Vigil in which she described
6    how you could write a check on a closed bank account and
7    then have the payee honor that check and Ms. -- that's the
8    methodology that, in Ms. Vigil's words describing that
9    were, What a deal.
10         The Government also contends that Ms. Vigil's --
11   Ms. Vigil has been less accepting of responsibility, as
12   demonstrated through a variety -- her statements in the
13   presentence report and her behavior at the previous
14   sentencing hearing than either of the other two defendants.
15   That is significant because it suggests that she is at
16   least as, if not more likely, to reoffend than either of
17   the other two defendants.
18         So the Government -- for those reasons, the
19   Government suggests that it would be appropriate to give
20   Ms. Vigil the same sentence that the other two defendants
21   received.  If the Court disagrees and does believe that
22   Ms. Vigil's culpability is somewhat reduced compared to the
23   other defendants, then the Court would suggest -- I'm
24   sorry, the Government suggests a smaller reduction to a
25   sentence more akin to 72 months than the bottom of that

1   revised guideline range.

2   THE COURT: All right. Ms. Vigil, do you wish to
3   make any further statement on your own behalf before I
4   impose sentence?

5   THE DEFENDANT: I would like to correct something.
6   The statements about the bankruptcy, I did not remember. I
7   have had a brain injury, closed-head injury, and there's
8   things I do not remember. So those statements, I don't
9   remember. That's why I said I hadn't, because I did not
10  remember. And there's other things that at this time I do
11  not remember.

12  THE COURT: All right. As a result of the United
13  States Supreme Court's rulings in *United States v. Booker*
14  and *United States v. Fanfan*, the United States Sentencing
15  Commission Guidelines have become advisory to this Court.
16  The Court, while not bound to apply those guidelines, has
17  consulted them and taken them into account, along with the
18  sentencing factors identified in 18 United States Code
19  Section 3553(a).

20  With respect to the objections made by the
21  defendant, which really pertain to her contention that the
22  statute pursuant to which the probation officer prepared
23  the presentence report is unconstitutional, for reasons
24  previously stated on the record the defendant's objections
25  are overruled.

1           Neither the Government nor the defendant has
2   challenged any other aspects of the presentence report,
3   therefore, the remaining factual statements and guideline
4   applications are adopted without objection as the Court's
5   finding of fact concerning sentencing.
6           The Court finds that the total offense level is
7   30, the defendant's Criminal History Category is I, which
8   results in an advisory imprisonment range of 97 to 120
9   months of imprisonment, and a fine range of 15,000 to
10  $150,000, and the supervised release range is one to three
11  years.
12          For the reasons previously -- or for the reasons
13  argued by the probation officer and previously stated by
14  this Court, the Court finds that when the history and
15  characteristics of the defendant, as well as the nature and
16  circumstances of this offense are juxtaposed with the goals
17  of sentencing pursuant to 18 United States Code Section
18  3553(a), a variant sentence is warranted in this case.
19          The Court will adjust the offense level to an
20  offense level 26 by -- as a result of removing the close to
21  30 million from the tax loss calculation.  That would
22  result in a guideline range of 63 to 78 months.
23          Pursuant to the Sentencing Reform Act of 1984, it
24  is the judgment of the Court that the defendant, Mimi M.
25  Vigil, is hereby committed to the custody of the Bureau of

1    Prisons to be imprisoned for a term of 72 months on Counts
2    1, 12, and 14, and 36 months on Count 17.  Those sentences
3    to be concurrent -- to be served concurrently.
4            Upon release from imprisonment, the defendant
5    shall be placed on supervised release for a term of three
6    years.  This term consists of three years on each of Counts
7    1, 12, and 14, and a term of one year on Count 17, all such
8    terms also to be run concurrently.
9            Within 72 hours of release from the custody of the
10   Bureau of Prisons, the defendant shall report in person to
11   the probation office in the district to which the defendant
12   is released.  While on supervised release, the defendant
13   shall not commit another federal, state, or local crime,
14   shall not possess a firearm as defined in 18 United States
15   Code Section 921, and shall comply with the standard
16   conditions that have been adopted by this Court.
17           The defendant shall not unlawfully possess a
18   controlled substance.  The defendant shall refrain from any
19   unlawful use of controlled substance.  The Court waives the
20   mandatory drug testing requirements of 18 United States
21   Code Section 3583(d) because the presentence report
22   indicates a low instance of future substance abuse by the
23   defendant.
24           The defendant shall cooperate in the collection of
25   DNA as directed by the probation officer.

1         The Court finds that the following special
2    conditions of supervision are reasonably related to the
3    factors set forth in 18 United States Code Section 3553(a)
4    and 3583(d).  Further, based on the nature and
5    circumstances of this offense and the history and
6    characteristics of this particular defendant, the following
7    special conditions do not constitute a greater deprivation
8    of liberty than reasonably necessary to accomplish the
9    goals of sentencing.
10         The defendant shall not incur -- wait a minute --
11   the defendant shall not incur new credit charges or open
12   additional lines of credit without the approval of the
13   probation officer unless the defendant is in compliance
14   with the periodic payment obligations imposed pursuant to
15   the Court's judgment and sentence.
16         The defendant shall work with the probation
17   department in development of a monthly budget that shall be
18   reviewed with the probation officer quarterly.  The
19   defendant shall document all income and compensation
20   generated or received from any source and shall provide
21   such information to the probation officer as requested.
22         The defendant shall comply with all legal
23   obligations associated with the Colorado Department of
24   Revenue and the Internal Revenue Service regarding federal
25   and state income taxes.  This includes resolution of any

Case No. 1:13-cr-00392-CMA   Document 484   filed 06/01/15   USDC Colorado   pg 17 of 19

17

```
 1    tax arrearages, as well as continued compliance with
 2    federal and state laws regarding the filing of taxes.
 3           The defendant shall perform 200 hours of community
 4    service as directed by the probation officer.  The
 5    defendant shall provide a supervising probation officer
 6    with copies of all correspondence the defendant mails or
 7    causes to be mailed to the Colorado Department of Revenue,
 8    the Internal Revenue Service, and the Department of
 9    Treasury.
10           The defendant shall pay a special assessment of
11    $400, which is $100 per count, which is due and payable
12    immediately.
13           Ms. Vigil, you are advised of your right to appeal
14    this sentence.  If you desire to appeal, a notice of appeal
15    must be filed with the Clerk of the Court within 14 days
16    after entry of judgment or your right to appeal will be
17    lost.
18           If you are not able to afford an attorney for an
19    appeal, one will be appointed to represent you.  And if you
20    request, the Clerk of the Court must immediately prepare
21    and file a notice of appeal on your behalf.
22           Now, Ms. Vigil, as I told your codefendants, I
23    want you to understand that I do take my task of sentencing
24    very seriously because I understand that I have your life,
25    or at least part of it, in my hands and I want to be fair
```

1     to you, but I also have an obligation to the public and to
2     society to protect them from further crimes by you and by
3     others, to promote respect for the laws of the United
4     States, to provide a sentence that is a just punishment but
5     one that is going to deter you and others from committing
6     similar crimes.
7                In this case -- as I said, I don't understand why
8     you did what you did and why you continue to assert what
9     you assert, and why you, up to this point, believed you
10    could just ignore orders from this Court.  But I do believe
11    that the sentence that I imposed on you, which is less than
12    I imposed on your codefendants, the sentence of 72 months,
13    together with the special conditions of supervised release
14    that I imposed, is a sentence that is sufficient but not
15    greater than necessary to achieve the purposes of
16    sentencing as set forth in 18 United States Code Section
17    3553(a).
18               Is there anything further to be brought to my
19    attention?
20               MR. KIRSCH:  No.  Thank you, Your Honor.
21               THE COURT:  All right.  Ms. Vigil, I hereby remand
22    you to the custody of the United States Marshal.
23               THE DEFENDANT:  I do not consent.  I want that on
24    the record.  For the record, I do not consent to any of
25    this.

1        THE COURT:  It is noted.  I hereby remand you.
2   And I hope that I don't ever see you in my courtroom again.
3        Court will be in recess.
4        THE DEFENDANT:  I do not consent.
5        (Proceedings concluded at 4:46 p.m.)
6
7                    *     *     *     *     *
8                      REPORTER'S CERTIFICATE
9
10       I certify that the foregoing is a correct transcript
11  from the record of proceedings in the above-entitled
12  matter.
13       Dated at Denver, Colorado, this 1st day of June, 2015.
14
15
16
17                                 _____
18                                 MARY J. GEORGE, FCRR, CRR, RMR
19
20
21
22
23
24
25